[No. 7147–1.   Division One.   July 23, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
CHARLES STRONG, *Appellant*.

---

*Robert C. Nickels,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas Pugh, Deputy,* for respondent.

CALLOW, C.J.—John Strong, age 16, seeks accelerated review of disposition orders outside the standard range prescribed by RCW 13.40.160.

On November 2, 1978, Strong entered a plea of guilty to burglary in the second degree. The standard range for the offense is a minimum of 80 hours and a maximum of 110 hours of community service and 1 year of community supervision. The trial court made a finding of manifest injustice and entered an order outside the standard range, sentencing Strong to a minimum of 38 weeks and maximum of 52 weeks. On November 29, 1978, an information was filed charging Strong with malicious mischief in the third degree and simple assault. On December 13, 1978, he was found guilty. The standard range for count 1 was at least 80 hours and at most 110 hours of community service and 1 year of community supervision, up to a $100 fine and a period of detention of between 7 and 14 days. The standard range for count 2 was at least 30 hours and at most 45 hours of community service, 6 months of community supervision and up to a $50 fine. After a review of the legal and social file and hearing the recommendation of the state probation officer, the trial court made a finding of manifest injustice and committed the juvenile to the Department of Institutions for a period of 3 months. Strong appeals. The actions have been consolidated for argument and disposition.

Strong argues that the trial court erred (1) in considering his prior criminal history, (2) in refusing to consider the existence or absence of any aggravating or mitigating factors as a condition precedent to a disposition of manifest injustice, and (3) in imposing a sentence claimed to be clearly excessive.

■ Strong contends that the trial court improperly considered his prior criminal history as an aggravating factor supporting a finding of manifest injustice. He contends that police contacts which were not part of his written criminal history cannot be considered in imposing sentence. We disagree. Under the language of the Juvenile Justice Act of 1977:

(1) In disposition hearings all relevant and material evidence, including oral and written reports, may be

received by the court and may be relied upon to the extent of its probative value, even though such evidence may not be admissible in a hearing on the information.

RCW 13.40.150. *State v. Lawley,* 91 Wn.2d 654, 657, 591 P.2d 772 (1979), interpreting this statute, stated:

[A]t the disposition hearing, the court is empowered to receive and consider all relevant and material evidence including (1) recommendations from the prosecutor and counsel for the juvenile, (2) information and arguments offered by the parties and their counsel, (3) predisposition reports and (4) statements from the juvenile and his or her parent, guardian or custodian. Additionally, the court may consider both mitigating or aggravating circumstances.

*See In re Luft,* 21 Wn. App. 841, 589 P.2d 314 (1979).

The Juvenile Justice Act of 1977 was intended to make juveniles accountable for their criminal behavior and to provide punishment commensurate with the age, crime, and criminal history of the juvenile defendant. RCW 13.40-.010(2)(c) and (d). To effectuate this purpose, the secretary of the Department of Social and Health Services was required to propose disposition standards for all offenses based on "a youth's age, the instant offense, and the *history* and seriousness of previous offenses". (Italics ours.) RCW 13.40.030(1). *See In re Luft, supra.* Thus, the primary purpose of narrowly defining the term "criminal history" was to restrict the discretion of the secretary in drafting the disposition standards. There is no indication that the legislature intended to prohibit the trial court from considering criminal acts which are not part of the criminal history as defined.

The second issue raised by the appellant is the claim that the trial court erred in refusing to consider the existence or absence of any aggravating or mitigating factors in entering a finding of manifest injustice. Limitations on sentencing are found in RCW 13.40.160. Generally, a disposition within the standard range requires no explanation, but a disposition outside the range may be made only if the court sets forth reasons why a disposition within the range would

"effectuate" a manifest injustice. "'Manifest injustice' means a disposition that would impose an excessive penalty on the juvenile or a clear danger to society in light of the purposes of this chapter". RCW 13.40.020(12). Under RCW 13.40.160(4), where the offender is found to have committed an offense and is neither a minor nor a first offender,

> the court shall: . . . (ii) where the appropriate standard range does not include a period of confinement exceeding thirty days, sentence the offender to a determinate term within the appropriate standard range in which case the court shall consider only those aggravating and mitigating factors set forth in RCW 13.40.150 and shall state its reasons for selecting the particular punishment imposed,
> . . .

*In re Luft, supra,* held that when RCW 13.40.150 and 13.40.160 are read together, the statutes not only permit, but mandate, consideration of factors other than those aggravating ones inhering in the offense. The court stated at page 847:

> The court does not have to give two sets of reasons: (1) why it is not sentencing to a determinate term within the standard range, and (2) what its reasons are for concluding that a sentence within the standard range would effectuate a manifest injustice. The court only has to give one set of reasons and based upon those reasons pursuant to statute we determine whether they clearly and convincingly support a conclusion of manifest injustice, and if they do, additionally, whether the sentence imposed is neither clearly too excessive nor clearly too lenient.

■ The orders in question contain only conclusionary findings relating to manifest injustice and do not set forth those portions of the record material to the disposition. JuCR 7.12(d) states: "If the court imposes a sentence outside the standard range for the offense, the disposition order shall set forth those portions of the record material to the disposition." Further, the trial court should specify those factors set forth in RCW 13.40.150, or such other factors occurring in the record which impel the decision to go outside the standard range, and designate those portions of

the social and legal files supporting the factors relied upon. In addition, the record shall contain the clerk's papers certified by the juvenile court clerk.

The preferable practice has not been followed in this case. We will insist upon compliance with the rule hereafter. However, we have examined the record and conclude that the reasons stated by the trial court therein "clearly and convincingly support the conclusion" of manifest injustice. We will not remand the cause to the trial judge and require the formal requisites of the rule to be met, since under the record the result would not be changed.

■ The third claim asserted is that the sentence imposed is "clearly excessive." We hold that the sentence was appropriate. Once the trial court concludes that a disposition within the standard range would effectuate a manifest injustice (*see* RCW 13.40.160), the determinative sentencing scheme of the Juvenile Justice Act of 1977 is no longer applicable and the trial court is vested with broad discretion in determining what sentence to impose. This discretion is reviewable on appeal only if, under the circumstances, the sentence imposed was so "clearly excessive" or "clearly too lenient" as to constitute an abuse of discretion. RCW 13.40.230(2)(b).

The term "clearly excessive" is not defined in the Juvenile Justice Act of 1977 and, therefore, must be given its plain and ordinary meaning. Action is excessive if it "goes beyond the usual, reasonable, or lawful limit." *Webster's New World Dictionary* (2d ed. 1974). Thus, for action to be *clearly* excessive, it must be shown to be clearly unreasonable, *i.e.*, exercised on untenable grounds or for untenable reasons, *State v. Blight,* 89 Wn.2d 38, 569 P.2d 1129 (1977); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971), or an action that no reasonable person would have taken. *State v. Harris,* 10 Wn. App. 509, 518 P.2d 237 (1974). Other jurisdictions apply a similar standard. *See Peabody Coal Co. v. Navajo County,* 117 Ariz. 335, 572 P.2d 797 (1977); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975); *State v. Sepulvado,* 367 So. 2d 762 (La. 1979);

*State v. Leggeadrini,* 75 N.J. 150, 380 A.2d 1112 (1977); *State v. Gerrard,* 584 P.2d 885 (Utah 1978). As noted in *People v. Dalton,* 12 Ill. App. 3d 1097, 299 N.E.2d 352 (1973), a sentence is excessive only when it cannot be justified by any reasonable view which may be taken of the record.

The judgment is affirmed.

JAMES and SWANSON, JJ., concur.