[No. 14491–0–I.   Division One.   May 20, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. CHRIS
DONOVAN FISHER, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Judith R.
Shoshana, Deputy,* for respondent.

WEBSTER, J.—Defendant Chris Fisher, a juvenile, appeals
his conviction for malicious mischief claiming that the trial
court erred in failing to enter sufficient findings of fact and
conclusions of law and in finding the defendant guilty
beyond a reasonable doubt of malicious mischief. We
affirm.

Mrs. L. was standing in front of her bedroom window at
approximately 1:30 a.m. on October 9, 1983, when she

noticed an automobile turn down her street, proceed to the end of the block, turn around and drive up to her house without any lights on. She observed a blond male exit from the front passenger side of the vehicle and a dark–haired male exit from the rear passenger side. Both males wore shiny black jackets that Mrs. L. could see because of the illumination of streetlights.

Mrs. L. heard someone shout "Let's go" and saw both males throw rocks at her front window, shattering the window. The two then got back in their car and sped away. Mrs. L. called the police and waited for an officer to arrive. She described the car to the responding officer as a 2–door Vega, yellow–gold in color. She told the officer that she thought there were four people in the vehicle. She also told the officer that she recognized Chris Fisher as one of the males who threw the rocks. Mrs. L. knew Fisher as a friend of her son and daughter.

When the responding police officer radioed in Mrs. L.'s description of the males and the car, he learned that another officer had stopped a Vega in the vicinity, and he took Mrs. L. in his car to that location. Mrs. L. identified the two males who had been in the Vega, Fisher and Allen Messmer, as the ones who had thrown the rocks. Both males were wearing black leather jackets.

Fisher and Messmer were each charged by information with one count of malicious mischief in the third degree. RCW 9A.48.090. A fact–finding hearing was held on January 3, 1984. At the hearing, Mrs. L. identified Fisher but did not identify Messmer as one of the boys involved in the rock–throwing incident.

Defendant Fisher and Messmer both testified that on the evening in question they were together with another boy, A.C., watching television until 1:30 a.m. when they left to drive him home. A.C. corroborated their testimony. Fisher and Messmer each denied having any involvement in the rock–throwing incident.

The court found both Fisher and Messmer guilty as charged. Judgment was entered on January 31, 1984. Find-

ings of fact and conclusions of law were entered on May 21, 1984.

The first issue is whether the trial court failed to enter sufficient findings of fact and conclusions of law.

Following the entry of defendant's brief, there was a substitution of counsel for the defendant. Present counsel, in the reply brief, acknowledges the fact that written findings of fact were entered on May 21, 1984. It is unclear from the reply brief, but we presume that the defendant has abandoned any claim regarding the inadequacy of the findings and conclusions. In the event he has not, the issue may be resolved as follows:

Findings of fact in cases tried before juvenile court are required by JuCr 7.11(c), which states:

> **Decision on the Record.** The juvenile shall be found guilty or not guilty. The court shall record its findings of fact and enter its decision on the record. The findings shall include the evidence relied upon by the court in reaching its decision.

*See also* RCW 13.40.130(4).

"As the prevailing party, the State has the responsibility of proposing the written findings." *State v. Fellers,* 37 Wn. App. 613, 621, 683 P.2d 209 (1984). The exact requirements for making findings in juvenile cases have changed somewhat in recent years.

In *State v. Brown,* 30 Wn. App. 344, 349, 633 P.2d 1351 (1981), this court held that written findings were no longer necessary in juvenile cases because the court's oral statements and findings were now part of the record. We nonetheless emphasized that the findings of fact were to include the evidence upon which the court relied in reaching its decision. 30 Wn. App. at 350.

In *State v. Commodore,* 38 Wn. App. 244, 249, 684 P.2d 1364 (1984), this court found that the trial court had complied with *State v. Brown* in that the written findings contained a recitation of facts relied upon by the court in reaching its decision. Nonetheless, we concluded that the better way to insure efficient and accurate appellate review

is to require written findings and conclusions in those juvenile cases which are appealed. Recognizing the heavy burden that would place on juvenile courts, we suggested that the prosecutor's office prepare the documents only after receipt of the notice of appeal, and then within 30 days. 38 Wn. App. at 250.

The findings in this case were entered on May 21, 1984, approximately 88 days after the notice of appeal had been served. That is a substantially longer period of time than the 30–day period suggested by the court in *State v. Commodore.* However, the rule set forth in *State v. Commodore, supra,* applies prospectively only and therefore has no effect on this case as the findings here were entered prior to the time *State v. Commodore* was decided. The findings here cannot be said to be inadequate because written findings were not required at the time this case was decided and the trial court's oral opinion adequately set forth the facts upon which it relied in reaching its decision.

■ Even if written findings had been required, the defendant still could not claim that he was prejudiced as a result of the late entry of findings and conclusions of law. *See State v. McGary,* 37 Wn. App. 856, 861, 683 P.2d 1125 (1984). Forty–three days elapsed between the entry of findings and the filing of the defendant's brief on July 3, 1984. This period allowed ample time for the defendant to prepare a brief with the additional input that findings of fact bring.

The second issue is whether the evidence adduced at trial was sufficient to support the defendant's conviction.

■ The test for determining the sufficiency of the evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*'" *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). "Any challenge to the sufficiency of the evidence admits the truth of the State's evidence and all

inferences that reasonably can be drawn therefrom." *State v. Gear,* 30 Wn. App. 307, 310, 633 P.2d 930 (1981).

The elements of malicious mischief in the third degree are set forth in RCW 9A.48.090 which states in part:

Malicious mischief in the third degree. (1) A person is guilty of malicious mischief in the third degree if he knowingly and maliciously causes physical damage to the property of another, under circumstances not amounting to malicious mischief in the first or second degree.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of malicious mischief beyond a reasonable doubt. The trial court found that at about 1:30 a.m., on October 9, 1983, Mrs. L. saw two males wearing black leather jackets throw rocks at her window and drive away in a 2–door Vega. The evidence also shows she recognized Fisher and identified him to the police as one of the rock throwers. The evidence further shows that at about 2 a.m., Fisher was found in a 2–door Vega in the vicinity of Mrs. L.'s home. Fisher's and Messmer's hair color and clothing matched the description Mrs. L. had given to the responding officer. Both were positively identified at that time by Mrs. L. as the males she had seen throw the rocks. Mrs. L. again identified Fisher at a fact–finding hearing. Substantial evidence supports the trial court's finding.

The judgment is affirmed.

SCHOLFIELD, A.C.J., and RINGOLD, J., concur.