[No. 9687-1-II.   Division Two.   October 17, 1986.]

*In the Matter of the Welfare of*
KEVIN LEE LATSON.

*G. Alex Styve* and *Putka & Styve,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for respondent.

REED, A.C.J.—The State has moved to modify our commissioner's ruling which vacated the Juvenile Court's sentencing of Kevin Latson outside the standard range based on a finding of manifest injustice. Because the record supports a finding of manifest injustice the State's motion is granted and the Juvenile Court's disposition outside the standard range is affirmed.

Kevin Latson, a juvenile, pleaded guilty to a charge of taking a motor vehicle without the owner's permission, a violation of RCW 9A.56.070(1). The standard range for the offense included 21 to 28 weeks' confinement. The Cowlitz County Juvenile Court instead declared a manifest injustice, RCW 13.40.020, and imposed a sentence of 50 to 60 weeks in custody of the Division of Juvenile Rehabilitation.

The charge arose out of an incident in which Kevin, along with three companions, went joyriding in a stolen car. After riding around for a while, the boys beat the car's dashboard with a baseball bat in an attempt to remove the stereo. They then pushed the car over an embankment causing damage in excess of $3,000. They also stole a purse from the car.

Kevin denied any responsibility for this gratuitous damage, claiming that he merely rode along in the car and that the other boys damaged it. Nothing in the record contradicts Kevin's version of the events.

Kevin has quite a significant criminal history. At the time of the instant offense his record included the following convictions: Theft third degree (three counts); vehicle prowl second degree (two counts); burglary second degree; crimi-

nal trespass first degree; possession of marijuana (two counts); minor in possession (three counts); introducing contraband third degree. In addition, at the time the current offense came to light Kevin was serving a standard range sentence for two counts of minor in possession, theft in the third degree and taking a motor vehicle without the owner's permission. These offenses were committed in November 1985, 3 months after the events leading to the current charge.

In the instant case the Juvenile Court entered findings of fact giving the following reasons for its declaration of manifest injustice: (a) Kevin has an extensive criminal history; (b) the offense is serious in that Kevin not only stole the car but pushed it over an embankment causing extensive damage; (c) Kevin damaged the dashboard while trying to steal the car's stereo; and (d) Kevin also stole a purse from the car.

Kevin took an appeal pursuant to a motion for accelerated review, RAP 18.13, arguing that the sentence was not justified by the record and that the sentence was clearly excessive. The commissioner found that the record failed to support the latter three of the Juvenile Court's reasons for a manifest injustice and that a juvenile's criminal history standing alone will not support a finding of manifest injustice. He therefore ordered the sentence vacated, and remanded for imposition of a sentence within the standard range. The State now asks a panel of this court to modify the commissioner's ruling and to reinstate the disposition of the sentencing judge.

▮ The court may impose a higher sentence on a juvenile if it concludes that a disposition within the standard range would effectuate a manifest injustice. RCW 13.40.160. A "manifest injustice" is defined as a disposition that would impose a clear danger to society. RCW 13.40.020(12).

In determining a disposition the court shall consider the existence of mitigating and aggravating factors enumerated in RCW 13.40.150(3), but is not limited to those factors. *State v. Strong*, 23 Wn. App. 789, 599 P.2d 20 (1979).

On appeal the reviewing court determines whether the reasons given by the trial court are supported by the record, whether the reasons clearly and convincingly support the disposition, and whether the disposition was clearly excessive. RCW 13.40.230(2); *State v. Rhodes,* 92 Wn.2d 755, 600 P.2d 1264 (1979). "[I]n order to stand on review, the standard range for this offense and this defendant must present, beyond a reasonable doubt, a clear danger to society." *State v. Rhodes,* 92 Wn.2d at 760.

*State v. Gutierrez,* 37 Wn. App. 910, 684 P.2d 87 (1984) stands for the proposition that, although it may be considered an aggravating factor, a juvenile's criminal history standing alone will not support a determination of manifest injustice. We agree with the reasoning and the outcome in *Gutierrez,* but find the present case distinguishable.

In *Gutierrez,* more than a year had elapsed since the juvenile's prior convictions. RCW 13.40.150(3)(h)(v) lists as a mitigating factor the fact that "[t]here has been at least one year between the respondent's current offense and any prior criminal offense". In contrast, RCW 13.40.150(3)(i)(iv) lists as an aggravating factor the fact that "[t]he respondent has a recent criminal history".

Here, Kevin Latson was convicted on August 9, 1985, of being a minor in possession. On August 25 he committed the current offense. Less than 3 months later he pleaded guilty to another instance of taking a motor vehicle, two counts of minor in possession and theft in the third degree, receiving the standard sentence.

This rapid repetition of illegal behavior is certainly relevant to a manifest injustice disposition. Obviously Kevin has not benefited from his extensive experience with the juvenile justice system. When we consider the extent of Kevin's prior criminal history, and his recent and frequent criminal behavior, it is clear beyond a reasonable doubt that the standard range would present a danger to society.

Because we find that one of the reasons underlying the sentence beyond the standard range is fully supported by the evidence and is an appropriate aggravating factor under

the statute, we need not address whether Kevin's passive involvement in damaging the car and stealing the purse are proper aggravating factors. *State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986).

■ Kevin also claims that the sentence is clearly excessive. RCW 13.40.230(2)(b). A sentence is clearly excessive if it is "clearly unreasonable," *i.e.,* exercised on untenable grounds or for untenable reasons. It is not excessive if any reasonable view of the record supports it. *State v. Strong,* 23 Wn. App. at 794–95. A sentencing of 50 to 60 weeks is not excessive. *See State v. Murphy,* 35 Wn. App. 658, 669 P.2d 891 (1983) (range: no jail time, sentence was 52 weeks); *State v. Strong, supra* (range: no jail time, sentence was 38 to 52 weeks). In both *Murphy* and *Strong,* the youths had histories of property offenses, neither as extensive as Kevin's.

The motion to modify the commissioner's ruling is granted. Sentence of 50 to 60 weeks is affirmed.

PETRICH and ALEXANDER, JJ., concur.