[No. 16815-1-I.   Division One.   December 15, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ALPHONSO WALL, *Appellant.*

*Chris M. Hassenstab* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Daniel L. Kinerk, Deputy,* for respondent.

SCHOLFIELD, C.J.—Alphonso Wall appeals from his disposition following convictions for two counts of simple assault, arguing that the trial court failed to state a valid aggravating factor to support its sentence under RCW 13.40.160(4)(b). We remand for resentencing.

## FACTS

Wall, age 17, was charged with assault in connection with two incidents, which occurred at West Seattle High School around noon on January 31, 1985. An 18–year–old female student was working as a library assistant on that day, and was opening the library doors to let the students in. The student testified that, as she opened the door and walked out into the hallway, "three black guys walked by, [and Wall] put his [hand] right between my legs". He held his hand there, palm side up, for a few seconds before continuing into the library.

Another student, age 14, testified that she was walking along the hallway in the direction of the library, when Wall and two others blocked her path. "I went to go around

them on the right side", she stated, "and [Wall] reached out and grabbed my crotch . . ." He held his hand there for 10 seconds at the most, she testified.

Wall was convicted of two counts of simple assault and found to be a middle offender, with a standard dispositional range for each count of 0–3 months' community supervision, 0–16 hours of community service and a $0–$10 fine.

The court found, however, that Wall's offense was aggravated by the fact that the victims were "particularly vulnerable." The court reasoned that, since Wall's actions violated a societal taboo against such conduct, a woman stranger of any age would not expect such an assault and would pass close by him without apprehension or without taking protective measures. Consequently, the court sentenced Wall under RCW 13.40.160(4)(b) to 8 days' detention as well as 6 months' community supervision on each count.

### Particularly Vulnerable Victims

Wall contends that the evidence does not support the court's finding that the victims were particularly vulnerable, arguing that the type of vulnerability contemplated by the statute is extreme youth, advanced age, or physical or mental infirmity. We agree.

If a juvenile defendant is found to be a middle offender, the court shall (a) impose a determinate sentence within the standard range, (b) impose a determinate disposition of community supervision and/or up to 30 days' confinement, or (c) find that a "manifest injustice" would result from a disposition under (a) and (b) above and sentence the juvenile to a maximum term. RCW 13.40.160(4).

If the court chooses confinement under (b) above (hereinafter "Option B"), however, it must "state either aggravating or mitigating factors as set forth in RCW 13.40.150 . . ." RCW 13.40.160(4)(b). Included as an aggravating factor in RCW 13.40.150 is the fact that the "victim or victims were particularly vulnerable". RCW 13.40.150(3)(i)(iii). The

phrase is not defined in the Juvenile Justice Act of 1977, nor does it appear that the courts have yet determined the meaning of "particularly vulnerable" in this context, although Wall cites *State v. P,* 37 Wn. App. 773, 686 P.2d 488 (1984) as authority for his interpretation.

The juvenile in *State v. P* was charged with the rape of a mildly retarded 3–year–old girl. The trial court found that "manifest injustice" required a sentence outside the standard range. Unlike a sentence under "Option B", the scope of review for findings of "manifest injustice" is set by statute in RCW 13.40.230(2). Thus, the review in *State v. P* focused upon whether clear and convincing evidence supported the trial court's finding of manifest injustice, and if so, whether the court's sentence was clearly excessive. RCW 13.40.230(2). Although the vulnerability of the victim was cited as a legitimate aggravating factor in that case, the court did not interpret the phrase "particularly vulnerable".

■ Court interpretations of adult criminal statutes may be applied in juvenile proceedings, in the absence of language to the contrary, provided the purpose of the adult criminal statute is consistent with the purposes of the Juvenile Justice Act of 1977. *State v. Martin,* 36 Wn. App. 1, 6, 670 P.2d 1082 (1983), *rev'd on other grounds,* 102 Wn.2d 300, 684 P.2d 1290 (1984).

In the exercise of its discretion to impose an exceptional sentence under the adult Sentencing Reform Act of 1981, the trial court may consider that "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." RCW 9.94A.390. Examples of cases where vulnerability has been found under the adult scheme include: *State v. Armstrong,* 106 Wn.2d 547, 550, 723 P.2d 1111 (1986) (crime of second degree assault; 10–month–old child); *State v. Fisher,* 43 Wn. App. 75, 79, 715 P.2d 530 (1986) (crime of indecent liberties; 5–year–old boy); *State v. Wood,* 42 Wn. App. 78, 81, 709 P.2d 1209 (1985) (crime of indecent liber-

ties; 4–year–old girl); *State v. Harp,* 43 Wn. App. 340, 717 P.2d 282 (1986) (crime of indecent liberties; defendant's 9–year–old niece, found to be particularly vulnerable because she was threatened by the defendant and because of her total dependence upon him for her basic needs).

The Minnesota adult determinate sentencing scheme greatly influenced our own. *State v. Wood, supra* at 81. The court in *Wood* cited with approval several Minnesota cases addressing the issue of vulnerability. Examples include: *State v. Norton,* 328 N.W.2d 142 (Minn. 1982) (crime of kidnapping; victim, age 5, held particularly vulnerable); *State v. Stumm,* 312 N.W.2d 248 (Minn. 1981) (crime of manslaughter; victim's age of 2 constituted absolute vulnerability); *State v. Van Gorden,* 326 N.W.2d 633 (Minn. 1982) (66–year–old woman held particularly vulnerable); *State v. Evans,* 311 N.W.2d 481 (Minn. 1981) (victims were "elderly" and particularly vulnerable; crime was aggravated robbery).

■ The Sentencing Reform Act of 1981 addresses aggravating factors which would justify a sentence outside the standard range, whereas a disposition under "Option B" is within the standard range, although the court is required to justify the imposition of detention by citing an aggravating factor. Nevertheless, we conclude that the same definition of vulnerability is contemplated in both the juvenile and the adult sentencing schemes. Thus, the sentencing reform act definition of "particularly vulnerable" and the cases interpreting that phrase should be used to construe the same language from the juvenile statute.

With that in mind, we find no support for the trial court's conclusion in the instant case that the victims here were particularly vulnerable. They were neither extremely young, advanced in age nor disabled or in ill health. Although the victims here were vulnerable in the sense that they did not expect to be grabbed by Wall, vulnerability in the present context connotes some disability due to age or a physical or mental condition which renders the victim helpless, defenseless, or unable to resist.

In some sense at least, any crime violates a societal taboo, and most crime victims are vulnerable to some extent. Under the trial court's analysis, almost any unsuspecting crime victim could be considered "particularly vulnerable". Although we sympathize with the trial court's justified desire to impose punishment involving detention in this case, the reasoning employed would have the effect of changing the phrase "particularly vulnerable" to just "vulnerable".

We vacate the court's order of disposition and remand for resentencing.

GROSSE and WEBSTER, JJ., concur.