[No. 24783-2-I.  Division One.  August 6, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM J. RADCLIFF, *Appellant*.

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Chief Deputy,* for respondent.

PER CURIAM.—William J. Radcliff appeals the juvenile court disposition following his conviction for fourth degree assault. This court set a motion on the merits to affirm. Subsequently, Radcliff filed a motion on the merits to reverse. A court commissioner then referred the matter to this panel.

Radcliff was charged with assault based on an incident in January 1989, in which he shoved an employee at Echo Glen, a juvenile rehabilitation facility where Radcliff was serving time for previous offenses and where he continues to reside. Classified as a middle offender, he pleaded guilty and was sentenced to 30 days' confinement, to be served consecutively with the previous sentences. This is a standard range sentence under "Option B". RCW 13.40.160-(4)(b);[1] *State v. Wall,* 46 Wn. App. 218, 222, 729 P.2d 656 (1986).

---

[1] RCW 13.40.160(4)(b) provides:

"The court shall impose a determinate disposition of community supervision and/or up to thirty days confinement, as indicated in option B of schedule D-2,

The probation counselor argued at disposition that a 30–day sentence was necessary to send "a clear message" that assaults against staff could not be tolerated. The court apparently agreed, stating in its oral opinion that such assaults were "very undesirable" and could result in the use of "force against youngsters."

Citing RCW 13.40.160(4)(b) and *State v. Wall, supra,* Radcliff contends that written findings of fact are required in the disposition phase. Contrary to his assertions, this issue is not clearly controlled by the cited authorities. The statute requires only that in imposing a determinate disposition of up to 30 days' confinement, "the court shall *state* either aggravating or mitigating factors as set forth in RCW 13.40.150[2] . . .". (Italics ours.) *See also* RCW 13.40.130(4) (requirement that the court shall record its findings of fact appears to refer to the adjudicatory phase). Here the juvenile court *stated* orally its reason for giving an Option B sentence. In *State v. Wall, supra,* the defendant was given an "Option B" sentence based on the aggravating factor that the victims were "particularly vulnerable." The issue

---

RCW 13.40.0357 in which case, if confinement has been imposed, the court shall state either aggravating or mitigating factors as set forth in RCW 13.40.150 as now or hereafter amended."

[2] RCW 13.40.150 provides, in pertinent part:

" . . . .

"(3) Before entering a dispositional order . . . the court shall hold a disposition hearing, at which the court shall:

" . . . .

"(h)  Consider whether or not any of the following aggravating factors exist:

"(i)  In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;

"(ii)  The offense was committed in an especially heinous, cruel, or depraved manner;

"(iii)  The victim or victims were particularly vulnerable;

"(iv)  The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;

"(v)  The respondent was the leader of a criminal enterprise involving several persons; and

"(vi)  There are other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history."

in *Wall* was whether there was support in the record for this factor. The precise issue here was not before the court.

Some guidance on this issue is provided by the court rules. JuCR 7.11 is the rule governing adjudicatory hearings in juvenile court, while JuCR 7.12 governs disposition hearings. JuCR 7.11(d) requires the court to enter written findings and conclusions. JuCR 7.12, however, has no such requirement.

■ The lack of written findings does not preclude review if the trial court's oral opinion sets forth the facts upon which it relied in reaching its decision. *State v. Fisher,* 40 Wn. App. 888, 891, 700 P.2d 1173 (1985). *See also State v. Fellers,* 37 Wn. App. 613, 683 P.2d 209 (1984). Radcliff was not prejudiced because an adequate oral decision was rendered here. In short we find no reversible error.

Next, Radcliff contends the juvenile court's reason for the Option B sentence is legally insufficient. We disagree. The court's reason for the 30–day detention was that assaulting a detention center staff member is more serious than the usual fourth degree assault and could result in the use of force against the residents. The implied concern, of course, is that such assaults would undermine the order of the institution. We note that this is not among the aggravating factors set forth in RCW 13.40.150(3)(i). Therefore we must first determine whether the juvenile court is limited to the factors expressly stated in the statute or whether it can consider other factors to justify an Option B disposition.

■ The juvenile cases addressing aggravating factors generally involve findings of manifest injustice. In *State v. Strong,* 23 Wn. App. 789, 599 P.2d 20 (1979), this court considered a finding of manifest injustice and a disposition outside the standard range. The court again stated that in determining a disposition, the court must consider the aggravating and mitigating factors set forth in RCW 13.40-.150 "or such other factors occurring in the record which

impel the decision to go outside the standard range . . .". *Strong,* at 793. The court is not limited to the express statutory factors. *Accord, In re Latson,* 45 Wn. App. 716, 718, 726 P.2d 1042 (1986).

By analogy, the court should not be limited to the express factors of RCW 13.40.150 when setting an Option B disposition. *See also State v. Strauss,* 54 Wn. App. 408, 414, 773 P.2d 898 (1989) (in regard to an exceptional sentence under the SRA, the statutory aggravating factors of RCW 9.94A.390 are illustrative, not exclusive).

Assuming, then, that the court is not limited to those aggravating factors listed in the statute, we address the central issue of whether the reason given by the court is legally sufficient to support the Option B sentence. Neither party has cited authority directly controlling this issue. The State contends that an assault against the facility employee is more serious than the usual assault. The State also argues that the offense could have been charged as custodial assault, RCW 9A.36.100(1)(a).[3]

■ We agree that the crime committed here is more serious than the usual fourth degree assault because the victim is a staff member in a rehabilitation facility.[4] We therefore hold that this reason is sufficient justification for the Option B sentence.

---

[3]RCW 9A.36.100(1)(a) provides:

"(1) A person is guilty of custodial assault if that person is not guilty of an assault in the first or second degree and where the person:

"(a) Assaults a full or part–time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any juvenile corrections institution or local juvenile detention facilities who was performing official duties at the time of the assault;"

[4]The "real facts" doctrine of the SRA, RCW 9.94A.370(2), which in an adult proceeding would bar consideration of facts indicating a more serious crime, is not part of the Juvenile Justice Act of 1977. *See also State v. McAlpin,* 108 Wn.2d 458, 466, 740 P.2d 824 (1987).

722

Accordingly, because the issues are not clearly controlled by settled law, we deny both motions on the merits. Pursuant to RAP 18.12, we have accelerated review and affirm the disposition.