[No. 23253–3–I.   Division One.   May 14, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN KYLE PAYNE, *Appellant*.

*Eric J. Nielsen* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* for respondent.

BAKER, J.—Stephen Payne, a juvenile, appeals his sentence for first degree murder, contending the trial court erred in finding a manifest injustice and imposing a sentence outside the standard range. We agree and remand for sentencing within the standard range.

## I

Morgan Davis and Stephen Payne, both 14 years old, acted together in the killing of Payne's sister, Laurie, age 15. With Payne's knowledge, Davis took a loaded revolver belonging to Payne's father from the father's bedroom. When Laurie arrived home, Davis shot her six times in the back and shoulders.

The court found that Davis "intended to kill Laurie and acted with premeditation" and that Payne "acted with knowledge that his actions would promote or facilitate the crime of Murder in the First Degree." The court found Payne guilty of complicity in murder in the first degree.

At disposition, the court found a manifest injustice. The disposition order states Payne is a middle offender and sentences him to 300 weeks or until the age of 21. The order lists the aggravating factors shown by "clear, cogent and convincing evidence". No portions of the record are set out. The factors listed are:

### I.

That in the commission of the offense and the flight therefrom, for which the juvenile was found guilty, said juvenile's accomplice inflicted, or attempted to inflict, serious bodily injury to another.

### II.

That the offense for which the conviction was obtained, was committed in an especially heinous, cruel, or depraved manner.

### III.

The victim was particularly vulnerable.

### IV.

The juvenile has a recent criminal history.

## II

Payne contends that the trial court erred (1) in finding aggravating factors which supported a finding of manifest injustice and sentencing him beyond the standard range, and (2) in failing to set forth in the disposition order those portions of the record material to the disposition, as required by JuCR 7.12(e).

In order to impose a maximum sentence outside the standard range, the trial court must conclude that a sentence within the standard range would effectuate a manifest injustice, RCW 13.40.160(4)(c), that is, "impose a serious, and clear danger to society in light of the purposes of this chapter". RCW 13.40.020(12). The finding of manifest injustice must be supported by clear and convincing evidence. RCW 13.40.160(4)(c). JuCR 7.12(e) requires that the court's disposition order "shall set forth those portions of the record material to the disposition". *State v. Strong*, 23 Wn. App. 789, 793–94, 599 P.2d 20 (1979); *see State v. Gutierrez*, 37 Wn. App. 910, 684 P.2d 87 (1984).

In *State v. Strong, supra,* we noted that:

> The orders in question contain only conclusionary findings relating to manifest injustice and do not set forth those portions of the record material to the disposition. . . . [T]he trial court should specify those factors set forth in RCW 13.40-.150,[1] or such other factors occurring in the record which

---

[1]RCW 13.40.150 sets out mitigating and aggravating factors to be considered at disposition. The aggravating factors are:

"(i) In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;

"(ii) The offense was committed in an especially heinous, cruel, or depraved manner;

"(iii) The victim or victims were particularly vulnerable;

"(iv) The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;

"(v) The respondent was the leader of a criminal enterprise involving several persons; and

"(vi) There are other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history." Former 13.40.150(3)(i).

impel the decision to go outside the standard range, and designate those portions of the social and legal files supporting the factors relied upon. . . .

. . . We will insist upon compliance with the rule hereafter.

*State v. Strong*, 23 Wn. App. at 793–94; *see State v. Murphy*, 35 Wn. App. 658, 669–71, 669 P.2d 891 (1983).

When an appellate court reviews a finding of manifest injustice, the reasoning of the trial court is held to a stringent standard. "[T]o stand on review, the standard range for this offense and this defendant must present, beyond a reasonable doubt, a clear danger to society." *State v. Rhodes*, 92 Wn.2d 755, 760, 600 P.2d 1264 (1979).[2]

Here, the disposition court listed four aggravating factors: (1) inflicting serious bodily injury; (2) especially heinous, cruel, or depraved manner of crime; (3) particularly vulnerable victim; and (4) Payne's recent criminal history.

■ Payne contends that inflicting serious bodily injury cannot be an aggravating factor because logically it is already part of the legislative sentencing scheme for murder in the first degree. Payne analogizes to the adult sentencing scheme and argues that factors which are part of the crime do not justify a sentence beyond the standard range. *See State v. Armstrong*, 106 Wn.2d 547, 723 P.2d 1111 (1986); *State v. Wall*, 46 Wn. App. 218, 729 P.2d 656 (1986). Payne's reasoning is correct.

The sentencing schedule sets forth the standard range for "A+" offenses as 180 to 224 weeks for all middle offenders, whatever the age and criminal history. The only "A+" offenses listed in the scheme are murder in the first degree and murder in the second degree. RCW 13.40.0357. Thus,

---

[2]The Juvenile Justice Act of 1977 contains a specific sentencing schedule for juvenile offenders based on the offender's age, criminal history, and current offense. RCW 13.40.010(1)(d). Offenders are classified as minor or first offenders, middle offenders and serious offenders. Here, because Payne was under 15 years of age at the time of the offense, he is classified as a middle offender. RCW 13.40-.020(1), (13), (14). In sentencing a middle offender, a court may impose the standard range, may impose a determinate sentence of community supervision and/or up to 30 days confinement, or may find a manifest injustice and sentence the juvenile to a maximum term. RCW·13.40.0357, Schedule D–2.

the disposition standards commission clearly contemplated the offense of murder when setting this standard range.

■ Because serious bodily injury is inherent in murder, we reject serious bodily injury as an aggravating circumstance where the crime is murder in the first degree.

■ In finding the next aggravating factor, the heinous, cruel, or depraved manner of committing the crime, the trial court noted Payne's cavalier attitude and lack of feeling. Nevertheless, the victim appears to have died instantly, and the depravity of this particular crime, despite its tragic and disturbing nature, does not go beyond what could be said to be part of any act of murder. Thus, we must reject the "heinous, cruel, or depraved manner" of committing the crime as an aggravating factor.

■ The next factor listed by the court is the particular vulnerability of the victim. Here, the victim was unarmed and unsuspecting. She was at home, off guard, and she was shot in the back. These factors added to her vulnerability to the attack. However, that vulnerability does not make this victim "particularly vulnerable" under the case law.

The court in *State v. Wall,* 46 Wn. App. at 222, stated that particular vulnerability "connotes some disability due to age or a physical or mental condition which renders the victim helpless, defenseless, or unable to resist."

The State argues that *State v. Wall, supra,* should be reevaluated, that "vulnerable" is not defined in the Juvenile Justice Act of 1977, and that the dictionary meaning of vulnerable ("capable of or susceptible to being wounded or hurt as by [a] weapon . . .", *Random House Dictionary of the English Language* (Unabridged ed. 1966)) should be used instead.

We reject this argument. Most victims of crime are by definition vulnerable to some extent. The particular vulnerability factor, however, demands more than "capable of . . . being . . . hurt . . . by [a] weapon". If we were to modify prior case law in order to adopt such a definition,

we would seriously dilute the significance of a finding of particular vulnerability as a basis for imposition of sentences beyond the standard range. As in *State v. Wall, supra,* although we sympathize with the trial court's understandable wish to impose more severe punishment in this case, "the reasoning employed would have the effect of changing the phrase 'particularly vulnerable' to just 'vulnerable'." *State v. Wall,* 46 Wn. App. at 223.

As to the final aggravating factor, we agree with the court's statement that Payne's recent convictions, involvement with probation, and investigation for credit card theft constituted an aggravating circumstance because RCW 13.40.150(3)(i)(iv) specifically lists recent criminal history as an aggravating factor. Thus, the trial court did have a valid reason to support a finding of manifest injustice.

The trial court sentenced Payne to a term of 300 weeks or until he turned 21. The standard range for middle offenders convicted of murder in the first or second degree is 180 to 224 weeks. Whether the standard range should be longer is a question we cannot reach. Manifest injustice is defined as presenting a clear and present danger to society. One could argue that most offenders convicted of complicity in first degree murder present such a danger. At the same time, the juvenile disposition scheme takes such violent behavior into consideration in determining the sentences for violent offenses. The legislative intent of the Juvenile Justice Act of 1977 includes protecting society from criminal behavior, as well as determining "the jurisdictional limitations of the courts, institutions, and community services". RCW 13.40.010(2)(a), (j). We are bound to follow the scheme approved by the Legislature for dealing with juvenile offenders. In doing so, we have examined the aggravating factors set out by the trial court and the record. Only one of the four factors found by the court justifies a finding of manifest injustice. We are unable to determine from the record that the disposition court would

have imposed the same sentence on the basis of this single aggravating factor. We therefore remand for resentencing.[3]

GROSSE, A.C.J., and FORREST, J., concur.

After modification, further reconsideration denied February 15, 1991.

---

[3]We also note that the disposition court failed to set forth portions of the record material to its finding as required by JuCR 7.12(e) and *State v. Strong, supra*.