IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38664-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD GENE TAYLOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Edward Taylor appeals from his resentencing. At his original sentencing, the trial court followed the parties' agreed recommendation for an exceptional sentence downward and imposed 100 months of incarceration. On resentencing pursuant to *State v. Blake*,[1] the court imposed the same sentence and Taylor appealed. While his appeal was pending, the superior court conducted a second resentencing hearing and imposed an exceptional downward sentence of 96-months. Taylor contends that the trial court at the second resentencing was required to proportionately reduce his sentence according to his first sentence, the parties' plea agreement, and his reduced offender score. The State contends that Taylor waived his right to appeal this sentence because he did not file an amended notice of appeal. While

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

we exercise our discretion to consider the merits of Taylor's appeal, we find no abuse of discretion and affirm.

Taylor also raises four issues in his statement of additional grounds for review. We find that none of these claims are meritorious.

BACKGROUND

1.    UNDERLYING PLEA

Taylor pleaded guilty on December 9, 2019 to one count of possession of a controlled substance with intent to deliver while armed with a firearm and two counts of first degree unlawful possession of a firearm (the 2019 case).  In exchange for Taylor's guilty plea, the State agreed to recommend an exceptional downward sentence of 100 months, to dismiss four additional counts of possession of a controlled substance, and to recommend the court order the sentence to run concurrently with the sentence from a separate Spokane County case.  Taylor also agreed to plead guilty to a "strike offense" as a part of the plea deal.  Taylor's guilty plea statement acknowledged that the court was not bound by anyone's sentencing recommendation.

Taylor's statement on his plea of guilty form reflected that his offender score was $9^2$ and his standard range for the possession of a controlled substance with intent to deliver was 100-240 months, plus 36 months for the firearm enhancement.

---

[2] The record indicates that Taylor's actual offender score was 13.

The sentencing court followed the State's recommendation and sentenced Taylor to serve 100 months of incarceration. The court entered findings of fact and conclusions of law and concluded there was a basis for the court to impose an exceptional sentence below the standard range.

2.      FIRST *BLAKE* RESENTENCING

In mid-2021, after the Washington Supreme Court's *Blake*[3] decision, Taylor moved for relief from judgment due to the inclusion of several possession of controlled substance convictions in his offender score. At Taylor's resentencing hearing, the court vacated four of his simple drug possession convictions. The vacations resulted in a reduction to Taylor's offender score, although the parties disagreed on the recalculated score. Defense counsel argued that Taylor's sentence should be reduced proportionate to reduction in his offender score. The court reimposed a 100-month sentence.

Taylor appealed. While the appeal was pending, Taylor discovered that one of his prior convictions in Asotin County should not have been included in his offender score calculation. Asotin County had incorrectly reported the conviction as possession with intent to deliver when the conviction was actually for simple felony possession of a controlled substance. The parties agreed that Taylor was entitled to a second resentencing hearing to correct the error and the appeal was stayed.

---

[3] *Id.*

3

3.      SECOND *BLAKE* RESENTENCING

The court held another resentencing hearing for Taylor. At the second resentencing, the parties agreed that Taylor's offender score was now five and the standard range for the possession of a controlled substance with intent to deliver was now 68 to 100 months, plus 36 months for the firearm enhancement for a total range of 104 to 136 months. The State recommended an exceptional sentence of 96 months, 4 months below his original sentence. Taylor argued for a substantially reduced sentence of 68 months.

The court agreed that the standard range was 104 to 136 months. The court noted that it had "the ability to sentence within the standard sentencing range" and that it was inclined to "sentence at the 100 months," but since the State recommended 96 months' total, it would honor that recommendation, and imposed a 96-month sentence.

Taylor was advised of his right to appeal at his resentencing hearing. Taylor did not file a new or amended notice of appeal, however the stay on his original appeal was lifted.

ANALYSIS

1.      WAIVER AND APPEALABILITY

The State contends we should decline to hear the appeal because Taylor did not file a separate notice of appeal or an amended notice of appeal following his most recent resentencing hearing.

4

The record reflects that Taylor appealed the judgment and sentence resulting from his first *Blake* resentencing. While his appeal was pending, the court conducted a second resentencing. Following Taylor's second resentencing, the State, pursuant to RAP 7.2(e), moved this court for an order allowing the lower court to enter a second amended judgment and sentence, which this court granted.

Following entry of the judgment and sentence resulting from Taylor's second resentencing, Taylor should have filed an amended notice of appeal designating that judgment and sentence. RAP 5.3(h), 2.4(c). Nonetheless, we exercise our discretion under RAP 1.2(c), to "waive or alter the provisions of any of these rules in order to serve the ends of justice," and consider the merits of Taylor's appeal.

RCW 9.94A.585(1) states that a standard range sentence may not be appealed, however, "[a] sentence outside the standard sentence range for the offense is subject to appeal by the defendant or the state." RCW 9.94A.585(2). Here, Taylor received an exceptional sentence, albeit a downward departure.

If the length of a standard range sentence is not appealable, arguably the length of an exceptional sentence below the standard range would not be appealable. RAP 3.1 provides that "[o]nly an aggrieved party may seek review by the appellate court." The State contends that Taylor is not an aggrieved party because he received an exceptional sentence below the standard range. Since we conclude that Taylor failed to demonstrate

that he was entitled to a proportionately reduced sentence, we decline to decide whether a defendant can appeal the length of an exceptional sentence below the standard range.

2.    WHETHER THE COURT ERRED WHEN IT DID NOT PROPORTIONATELY REDUCE TAYLOR'S SENTENCE.

Taylor contends that we should reverse and remand for resentencing because the court denied him the benefit of his plea bargain when it imposed a new sentence of 96 months.  Taylor argues that the 96-month sentence imposed was "clearly excessive."  In essence, Taylor argues the court erred when it did not proportionately reduce his sentence due to the reduction in his offender score and standard range at resentencing.  We disagree.

Taylor first contends that the court denied him the benefit of his plea bargain when it failed to reduce his sentence proportionate to the reduction in his offender score and standard range.  Taylor's argument is based on the false premise that he was entitled to the sentence recommended in the original plea agreement and entitled to a proportionate reduction once his offender score and standard range were reduced.

As the State points out, Taylor is not claiming that the State violated the plea agreement at resentencing.  While the State is bound by the plea agreement, the court is not.  Taylor was not entitled to be sentenced according to the sentence recommended in his plea agreement.  *State v. Henderson*, 99 Wn. App. 369, 374, 993 P.2d 928 (2000); RCW 9.94A.431(1).

6

Upon demonstrating a reduction in his offender score pursuant to *Blake*, Taylor was entitled to a full resentencing. *State v. Edwards*, 23 Wn. App. 2d 118, 514 P.3d 692 (2022). Under a full resentencing, the sentencing court could consider, but was not required to follow, the original sentence. Here, the trial court was aware of the plea agreement and the prior sentences imposed. The court also took into consideration Taylor's offender score and the crimes for which he was being sentenced. Based on this information, the court imposed an exceptional sentence below the standard range of 96 months.

Taylor next argues his sentence is "clearly excessive," but does not explain how. "Action is excessive if it 'goes beyond the usual, reasonable, or lawful limit.'" *State v. Oxborrow*, 106 Wn.2d 525, 531, 723 P.2d 1123 (1986) (quoting *State v. Strong*, 23 Wn. App. 789, 794, 599 P.2d 20 (1979)). "'Thus, for [an] action to be *clearly* excessive, it must be shown to be clearly unreasonable, *i.e.,* exercised on untenable grounds or for untenable reasons, or an action that no reasonable person would have taken.'" *Id.* (quoting *Strong*, 23 Wn. App. at 794) (internal citation omitted). Even under a "clearly excessive" standard, we are not left with a firm conviction that an error has been committed. *State v. Conway*, 8 Wn. App. 2d 538, 438 P.3d 1235 (2019).

3.      STATEMENT OF ADDITIONAL GROUNDS (SAG)

Taylor raises four additional issues in his SAG. None of which merit the relief he requests. In his first, second, and fourth grounds, Taylor suggests the factual reasons the

State and his attorney originally agreed to recommend a 100-month sentence. These factual reasons are outside of the record, were not considered by the sentencing court, and cannot be considered on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) ("[T]he reviewing court will not consider matters outside the trial record" on direct appeal.). Nor does Taylor indicate how this information would justify relief. *See* RAP 10.10(c) (Taylor fails to "inform the court of the nature and occurrence of [the] alleged errors.").

In his third ground, Taylor explains that since being incarcerated, he has tried to better his life, has remained employed, and has received no infractions. While Taylor's progress while incarcerated is commendable, it is not a factor that the sentencing court can consider when imposing an exceptional sentence. *See State v. Wright*, 19 Wn. App. 2d 37, 44-45, 493 P.3d 1220 (2021), *review denied*, 199 Wn.2d 1001, 506 P.3d 1230 (2022) (in considering exceptional sentence, court may consider factors that relate to the crime, the defendant's culpability or past criminal record; the court cannot consider factors personal to the defendant but unrelated to the crime).

No. 38664-3-III
*State v. Taylor*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Staab, J.

WE CONCUR:


_____
Fearing, C.J.


_____
Siddoway, J.