[No. 6311-9-III.   Division Three.   June 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. MIGUEL
ANGEL GUTIERREZ, *Appellant.*

*Steven Shea,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael G. McCarthy, Deputy,* for respondent.

GREEN, J.—The State has moved to modify a commissioner's ruling vacating the juvenile court's sentencing of Miguel Gutierrez outside the standard range based on a finding of manifest injustice. It is contended the commissioner erred in (1) concluding the record does not support finding a manifest injustice, and (2) remanding the case for disposition within the standard range. We find no error and the motion to modify is denied.

Miguel Gutierrez, age 17, was found guilty of third degree possession of stolen property, a gross misdemeanor, for possessing a stolen carburetor. At the disposition hearing on January 18, 1984, the State presented a document outlining Mr. Gutierrez's prior criminal history which consisted of seven convictions for burglary between July and December of 1981, and two minor offenses subject to diversion. This document also showed that an increase factor had been applied for the prior offenses and the standard range for sentence was computed to be 15 to 30 days. The recommended sentence was 30 days. Upon presenting this document to the court, the prosecutor stated, "I have reviewed [Mr. Gutierrez's] prior record and the sentence with him, and I don't have anything else to offer the Court in regard to that. Mr. Gutierrez accepts the fact that he's subject to some sanctions." The court then asked, "Can you tell me why I shouldn't send him to prison until he's 21?" The prosecutor advised the maximum sentence for the present crime would be 1 year. In fixing the sentence, the court stated: "I declare a manifest injustice because of the extent of this boy's involvement in crime, and he is sen-

tenced to the Department of Institutions for a year." The record discloses that the determination was based solely on the juvenile's criminal history.

Based on this record, the court entered "Findings of Fact in Regard to Manifest Injustice" which state:

The juvenile has an extensive record of adjudications and diversions for a variety of criminal offenses and has been committed to the Division of Juvenile Rehabilitation on at least one prior occasion.

The Court therefore concludes, by clear, cogent and convincing evidence, that the interest of protection of community safety require[s] a sentence beyond the standard range of 15 to 30 days detention. Particularly, the Court concludes that a sentence within the standard range would constitute a manifest injustice. Further, commitment to the Division of Juvenile Rehabilitation for a period of fifty two (52) weeks is a more appropriate and reasonable sentence, taking into consideration the age of the defendant, his level of criminal sophistication and notable lack of success in rehabilitation, as evidenced by prior attempts at probation, commitment and parole.

In reviewing this sentence, we are bound by the Juvenile Justice Act of 1977, RCW 13.40. The standard ranges for disposition are determined based upon the "youth's age, the instant offense, and the history and seriousness of previous offenses". RCW 13.40.030(1)(a). RCW 13.40.160(1) allows the court to go outside the standard range "[i]f the court concludes, and enters reasons for its conclusion, that disposition within the standard range would effectuate a manifest injustice . . ." A more severe punishment may be imposed if the court concludes the standard disposition would impose a serious and clear danger to society. RCW 13.40.020(12).

In determining disposition, RCW 13.40.150(3) states the court shall:

(h) *Consider* whether or not any of the following *mitigating factors* exist:

(i) The respondent's conduct neither caused nor threatened serious bodily injury or the respondent did not contemplate that his or her conduct would cause or

threaten serious bodily injury;

(ii) The respondent acted under strong and immediate provocation;

(iii) The respondent was suffering from a mental or physical condition that significantly reduced his or her culpability for the offense though failing to establish a defense;

(iv) Prior to his or her detection, the respondent compensated or made a good faith attempt to compensate the victim for the injury or loss sustained; and

(v) There has been at least one year between the respondent's current offense and any prior criminal offense;

(i) *Consider* whether or not any of the following *aggravating factors* exist:

(i) In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;

(ii) The offense was committed in an especially heinous, cruel, or depraved manner;

(iii) The victim or victims were particularly vulnerable;

(iv) The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;

(v) The respondent was the leader of a criminal enterprise involving several persons; and

(vi) There are other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history.

(Italics ours.) At the disposition hearing "all relevant and material evidence . . . may be received by the court . . ." RCW 13.40.150(1). In sentencing beyond the standard range, the act "not only permit[s], but mandate[s], consideration of factors other than those aggravating ones inhering in the offense." *State v. Strong,* 23 Wn. App. 789, 793, 599 P.2d 20 (1979).

To uphold a disposition outside the standard range, RCW 13.40.230(2) requires this court to find:

(a) that the reasons supplied by the disposition judge are supported by the record which was before the judge and that those reasons clearly and convincingly support the conclusion that a disposition within the range, or non-

confinement for a minor or first offender, would constitute a manifest injustice, and (b) that the sentence imposed was neither clearly excessive nor clearly too lenient.

Review is limited solely to the record before the disposition court. *See also State v. Rhodes,* 92 Wn.2d 755, 760, 600 P.2d 1264 (1979). Applying the statutory criteria, we are constrained to conclude the court's disposition cannot be sustained. Consequently, we are required by statute to mandate "for disposition within the standard range or for community supervision without confinement as would otherwise be appropriate pursuant to this chapter." RCW 13.40.230(3).

Initially, JuCR 7.12(d) provides: "If the court imposes a sentence outside the standard range for the offense, the disposition order shall set forth those portions of the record material to the disposition." In making its disposition, the trial court must consider and specify those portions of RCW 13.40.150 in addition to any other factors which support the determination. *In re Luft,* 21 Wn. App. 841, 847–49, 589 P.2d 314 (1979). Hence, the court's findings should include the evidence relied upon to reach its conclusion to declare a manifest injustice. The findings here do not meet this requirement. *See also State v. Strong, supra* at 793–94.

■■ Second, the findings and determination in this case are not supported in the record by clear and convincing evidence as mandated by RCW 13.40.160. This standard is comparable to the "beyond a reasonable doubt" standard. *State v. Rhodes, supra* at 760. There was no evidence here recommending disposition beyond the standard range. The only evidence presented at the disposition hearing was Mr. Gutierrez's criminal history, consisting of his prior convictions and two charges which were diverted. While it may be inferentially concluded from this list that Mr. Gutierrez had a "level of criminal sophistication" and "lack of success in rehabilitation", there was no evidence before the court which would support this finding. Additionally, criminal history is considered in establishing the

standard range disposition. While a defendant's prior record might be considered an aggravating factor, RCW 13.40.150(3)(h)(v) lists as a *mitigating factor* the fact that "[t]here has been at least one year between the respondent's current offense and any prior criminal offense". Here, a year had elapsed between Mr. Gutierrez's prior convictions and the current misdemeanor.

Thus, the court's reasons do not clearly and convincingly support the disposition, *i.e.,* defendant presents beyond a reasonable doubt, a clear danger to society. *State v. Rhodes, supra* at 760. In light of RCW 13.40.030 which states the standard range is based in part on the juvenile's criminal history, it becomes evident that Mr. Gutierrez's convictions alone do not support beyond a reasonable doubt the decision to go beyond the standard range. As noted in the commissioner's ruling:

> Based on his criminal history, [Mr.] Gutierrez had a 4.3 increase factor to be applied to the points for the instant offense. This 4.3 point factor gave him a total of 103 points and the above standard range. Hence, the standard range sentence had already been adjusted to take into account [Mr.] Gutierrez's prior conduct.
>
> While it is apparent from the transcript of the disposition hearing that the juvenile court did not believe the standard range was sufficiently severe, it must be kept in mind that the legislature charged the governor with appointing a commission to establish disposition standards subject to legislative review, RCW 13.40.030. The instant standard range was proposed by the commission and reviewed by the legislature as required. The juvenile court is without authority to change the disposition unless it finds that, all things considered, the standard range in this case would clearly and convincingly pose a danger to society.

(Footnote omitted.) Without more, the statute precludes us from finding beyond a reasonable doubt that Miguel Gutierrez's prior convictions support a determination of manifest injustice. Consequently, we are constrained to deny the motion to modify the commissioner's ruling.

▪ Finally, we note another reason for denying the

motion. RCW 13.40.140(7) provides: "In all adjudicatory proceedings before the court, all parties shall have the right to adequate notice . . ." Adjudicatory is not specially defined. *Webster's Third New International Dictionary* 27 (1969) defines "adjudication" as "a determination, decision, or sentence . . . (as . . . the disposition of a juvenile delinquent)". Notice in a disposition hearing includes specification of the time, place and *purpose* of the proceedings. JuCR 7.12 and 11.2. It has been held when a manifest injustice finding is sought by the state, the juvenile is entitled to the same high standards of due process as is held to apply in a deadly weapon finding or a habitual criminal proceeding. *State v. Whittington,* 27 Wn. App. 422, 424–26, 618 P.2d 121 (1980). We hold the same considerations apply when the court, sua sponte, raises the issue. As a matter of fundamental fairness, Mr. Gutierrez should have been given an opportunity, after reasonable notice, to defend against such a finding.

The motion to modify the commissioner's ruling is denied and this case is remanded for imposition of sentence within the standard range.

MUNSON, C.J., and THOMPSON, J., concur.