[No. 40813-5-I. Division One. May 18, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. T.E.H.,[†] *Appellant*.

---

[†]The appellant herein is a juvenile and he will be referenced by the initials TH.

910

*Jason B. Saunders* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Douglas K. Young, Shannon D. Anderson*, and *James M. Whisman, Deputies*, for respondent.

GROSSE, J. — In affirming the manifest injustice disposition of the juvenile court, we find that the State rebutted the negative presumption that 11-year-old TH did not have the capacity to commit the molestation of three of his younger cousins. Further, we find there was sufficient evidence to support a finding of sexual gratification in the commission of the crime.

During the period of March to July of 1994, 11-year-old TH lived with his grandparents, along with seven of their grandchildren. Among those was his younger cousin TTS who was five years old.[1] Many of the cousins told of a series of incidents of inappropriate touching or abuse by TH against TTS, his two sisters, and occasionally others. TH was convicted for an act against TTS that TTS described as TH forcing him to take off his clothes and face the wall in the boys' bedroom of the home. TH then forced TTS to get on his knees. TH, also naked, then approached TTS from the rear and started "bumping" him with his "middle part." It was said that TH's "private" touched TTS's anus. TTS told TH to stop it and that it hurt, but TH continued and told TTS to "shut up."

---

[1]The other two cousins who were alleged victims were seven years old and three years old.

TH warned TTS and others not to tell anyone or he would kill them or he would get them in trouble. TTS said TH did this at least 10 times, maybe more. TTS said he tried to tell his mother and grandparents, but they did nothing. TTS's mother indicated that both TTS and his sister told her that TH was abusing them, but when she confronted her parents (the grandparents), they stated the kids were just causing trouble and that they wanted to hear nothing further. TTS eventually told other adults.

TH was charged in juvenile court with raping or, in the alternative, molesting three of his younger cousins. The juvenile court found that TH had the capacity to commit child molestation and found him guilty of one of the charges. In making its findings, the court specifically found that TH's threats not to tell anyone about the touching were evidence of, or proof, that he knew that his conduct was wrong. The court also found that TH was afraid that adults would find out and, specifically in TTS's case, TH's desire for secrecy was present. The court concluded that TH knew what he was doing and although he may not have fully comprehended that what he was doing was legally wrong, the court indicated that it knew of no requirement that TH had to understand all the legal consequences of his acts. The court reasoned that from what TH said, and from the circumstances, TH knew his acts were wrong.

A standard range disposition was 8 to 12 weeks' confinement, but the court followed the recommendation of the probation officer and the deputy prosecutor by imposing a manifest injustice disposition of 78 weeks. The disposition was based on the vulnerability of the victim, the high risk that TH would reoffend, a lack of family control, and TH's need for treatment.

## DISCUSSION

TH argues the juvenile court erred by finding he had the capacity to commit the crime. RCW 9A.04.050 establishes a statutory presumption of incapacity where the child is between 8 and 12 years of age.[2] The presump-

[2]RCW 9A.04.050 provides in part:

tion of the statute applies in juvenile proceedings.[3] The State has the burden to rebut the presumption of incapacity by clear and convincing evidence.[4] On appeal of a determination of capacity, the juvenile court's decision must be affirmed if there was evidence from which a rational trier of fact could find capacity by clear and convincing evidence.[5]

 Our decision conforms to the recent holding in *State v. J.P.S.*[6] A juvenile's understanding of the legal prohibition and legal consequences of his/her conduct is not an indispensable requisite for determining whether the juvenile appreciates the wrongfulness of the conduct. "[I]t is not necessary for the State to prove that a child understands the illegality or the legal consequences of an act in order to prove capacity."[7] The relevant inquiry is whether the child appreciated the quality of his or her acts at the time the act was committed.[8]

The facts here are similar to those in *State v. Q.D.*[9] There, in dicta, the Supreme Court found sufficient evidence of capacity where an 11-year-old child committed indecent liberties on a 4-year-old child. The court held that the juvenile respondent understood the act of indecent liberties and knew it to be wrong based on the facts that: (1) the respondent waited until she and the victim were alone, evidencing a desire for secrecy, (2) the respondent was capable of supervising the child as a baby-sitter and likely had the capacity to commit the offense against the child,

"Children of eight and under twelve years of age are presumed to be incapable of committing crime, but this presumption may be removed by proof that they have sufficient capacity to understand the act or neglect, and to know that it was wrong."

[3] *State v. Q.D.*, 102 Wn.2d 19, 21, 685 P.2d 557 (1984); *State v. J.F.*, 87 Wn. App. 787, 790, 943 P.2d 303 (1997).

[4] *Q.D.*, 102 Wn.2d at 21; *J.F.*, 87 Wn. App. at 790.

[5] *State v. K.R.L.*, 67 Wn. App. 721, 724, 840 P.2d 210 (1992).

[6] *State v. J.P.S.*, 135 Wn.2d 34, 954 P.2d 894 (1998).

[7] *J.P.S.*, 135 Wn.2d at 37.

[8] *State v. J.P.S.*, 135 Wn.2d at 37-38 (citing *State v. Linares*, 75 Wn. App. 404, 880 P.2d 550 (1994) and *State v. K.R.L.*, 67 Wn. App. at 725).

[9] *State v. Q.D.*, 102 Wn.2d 19, 685 P.2d 557 (1984).

(3) the respondent admonished the victim not to tell anyone what happened, and (4) the respondent was 11 years old, close to the age where capacity is presumed to exist.[10]

In the instant case we conclude there was sufficient evidence presented for a rational trier of fact to find capacity by clear and convincing evidence. There was evidence that TH: (1) sometimes supervised the children when the grandparents left the home; (2) perpetrated his acts mainly when alone with the children, showing his desire for secrecy; (3) threatened to kill the children if they revealed what he was doing to them; (4) had been taught about personal privacy and that children should not expose themselves; (5) committed the acts over an extended period of time; and (6) was close in age to that where he would be presumed to have capacity.

This is not a case where TH was "playing doctor" or being curious or experimental. The testimony showed a pattern of abuse over a long period of time. As in *State v. J.F.*,[11] the nature of the crime is relevant to show TH's understanding of the consequences of his acts. " 'The more intuitively obvious the wrongfulness of the conduct, the more likely it is that a child is aware that some form of societal consequences will attach to the act.' "[12] The finding of capacity is affirmed.

Next, TH claims the juvenile court failed to comply with JuCR 7.11 which provides that the court shall enter written findings and conclusions in a case that is appealed. The findings must state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The language of this statute is plain and unambiguous.[13]

TH was found guilty of child molestation. RCW 9A.44.083 provides in part:

---

[10]*Q.D.*, 102 Wn.2d at 27.

[11]*State v. J.F.*, 87 Wn. App. 787, 943 P.2d 303 (1997).

[12]*J.F.*, 87 Wn. App. at 790 (quoting *Linares*, 75 Wn. App. at 415 n.12.)

[13]*State v. Alvarez*, 128 Wn.2d 1, 16, 904 P.2d 754 (1995) (recognizing plain and unambiguous language of the statute but noting different and inconsistent remedies applied).

(1) A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.010 provides in part:

(2) "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

TH claims the findings and conclusions contain no finding of the ultimate facts relied upon by the juvenile court to support its conclusion that TH acted for the purposes of sexual gratification. He further argues that the remedy is reversal, not remand, because there is no evidence to support the fact that TH acted for purposes of sexual gratification.

Sexual gratification is not an essential element of the crime, but is a definitional term clarifying the meaning of the essential and material element of sexual contact. In conclusion of law 2, the trial court found that TH had "sexual contact" with TTS. This conclusion should have been a finding. It was supported by other findings, numbers 9 and 34, which set forth the events leading to the conviction. Finding 9 states that TTS explained that TH would "bump" him, and that when asked to explain stated that it was when TH was behind him, with TTS on his knees, that TH would "bump" him. Finding 34 sets forth TTS's testimony that TH took off his underwear and put his (TH's) "private" in his butt and it hurt.

The juvenile court's findings may not be extensive, but the court better explained its reasoning in its oral decision, stating:

[TTS] described a very specific act, which was the respondent putting his private in [TTS's] private, and putting his private in [TTS's] back part, and putting his private in [TTS's] crack.

He described this in a way that was credible on the witness stand and in a way that through the statements that he made to other witnesses rings true.

Further, the court stated:

> I do believe that even given the difficulty of establishing sexual gratification in an eleven-year-old, that there is really no other reasonable explanation. This was a very sexual act, particularly the act of the respondent putting his private in the buttocks area of [TTS]. It is a very sexual act. It is something that can only be explained as a sexual act. Whether it was learned or not, from something in the respondent's prior experience, obviously we don't know. Something that one would assume had to be learned somewhere, but the fact is that it was a sexual act that cannot be explained in any other fashion and on which I'm willing to make the finding that it was done for sexual gratification.

The court made very specific oral findings regarding sexual gratification. These findings are sufficient for effective appellate review. Remand is not necessary.

Underlying the issue of insufficient finding is TH's claim that the evidence was insufficient to find sexual gratification. TH argues that in juvenile cases the court cannot infer "sexual gratification" from the nature and circumstances of the act itself. He contends the State must prove that the juvenile understands issues of sex and enjoyed the act or was sexually stimulated.

TH's argument goes too far. Offenses of child molestation or indecent liberties require a showing of sexual gratification because without that showing the touching may be inadvertent.[14] The conduct here cannot be claimed to be inadvertent. TH forced TTS to disrobe and intentionally molested him with his hands and his body, including his penis. When told to stop, he continued. The nature of the act itself shows sexual gratification. The fact-finder,

---

[14]*See State v. Brown*, 78 Wn. App. 891, 895, 899 P.2d 34 (1995) (citing *State v. Gurrola*, 69 Wn. App. 152, 155, 848 P.2d 199 (1993)), *review denied*, 130 Wn.2d 1021 (1996).

here the juvenile court, is entitled to make reasonable inferences based on all the evidence and testimony presented.[15]

There was sufficient evidence of sexual gratification/ sexual contact, and the findings and conclusions, although not particularly artful, were adequate for review and sufficient. There is no reversible error here.

Additionally, TH claims the juvenile court failed to meet the requirements for entry of a manifest injustice disposition under JuCR 7.12(e), and therefore the disposition should be reversed.

■ We agree with TH that the order of disposition here contains only a conclusionary finding relating to manifest injustice and does not set forth those portions of the record material to the disposition as required by *State v. Strong*.[16] However, in this case, the juvenile court did give factual reasons for the disposition. The record on sentencing is sufficient for our purposes. Therefore, reversal is not required.

TH's argument has little merit. Applying the usual standard of review,[17] we affirm the disposition.

■ The court found TTS to be particularly vulnerable. RCW 13.40.150(3)(i)(iii). Here the 5-year-old child was subject to the transgressions of an 11-year-old child, physically bigger and who had little or no supervision, as found by the court. The court found that due to the situation at the house, TTS was unable to go to anyone to be protected from the ongoing abuse that he was suffering. This factor supports the manifest injustice disposition.

■ The court also found TH a risk to reoffend. "A high

---

[15]*State v. Sanchez*, 60 Wn. App. 687, 693, 806 P.2d 782 (1991) (citing *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980)).

[16]*State v. Strong*, 23 Wn. App. 789, 599 P.2d 20 (1979).

[17]*State v. Grewe*, 117 Wn.2d 211, 218, 813 P.2d 1238 (1991); *State v. Rhodes*, 92 Wn.2d 755, 760, 600 P.2d 1264 (1979); *State v. J.N.*, 64 Wn. App. 112, 114, 823 P.2d 1128 (1992); *State v. P.*, 37 Wn. App. 773, 777, 686 P.2d 488 (1984); RCW 13.40.230(2)(a), (b). *See also State v. Gutierrez*, 37 Wn. App. 910, 684 P.2d 87 (1984).

risk that a juvenile will reoffend is a valid ground for a manifest injustice disposition."[18] This finding is supported by evidence of the prior criminal referrals that demonstrates increasingly aggressive behavior. Further, the probation counselor's report foreshadowed TH's actions.

■■■■ The court found that there was a serious lack of family control in TH's case. The factor is recognized as an aggravating factor where the inability to control the child is related to the degree of risk to society where the juvenile's behavior itself constitutes such a risk.[19] If a child cannot be controlled by his or her parent or guardian, the danger or risk to society is commensurately increased. Here, there is little doubt that the guardians were incapable, unable, or did not seriously attempt to control TH. The court was particularly unhappy to note the lack of supervision of the children and the reports of large amounts of alcohol used by the grandparents. Even when told that abuse was happening, the victim's mother failed to go further than the grandparents, who downplayed any such events, and who chose to ignore any other signs as creating trouble. The court noted that no family members were present at the sentencing hearing. The factor of a serious lack of family control supports the decision of the juvenile court in its manifest injustice disposition.

The juvenile court made it clear that TH's need for long-term confinement and treatment in order to protect both society and TH was of considerable importance. Given the nature of the offense, and the evidence brought out at trial, in conjunction with the juvenile court's focus on both punishment and rehabilitation, there is ample evidence supporting the court's decision to impose a manifest injustice disposition.

■■■■■■ "Once a juvenile court has concluded that a disposition within the standard range would effectuate a

---

[18]*State v. S.H.*, 75 Wn. App. 1, 11, 877 P.2d 205 (1994) (citing *J.N.*, 64 Wn. App. at 114).

[19]*State v. S.S.*, 67 Wn. App. 800, 817, 840 P.2d 891 (1992).

manifest injustice, the court is vested with broad discretion in determining the appropriate sentence to impose."[20] This court will find a sentence excessive only when it cannot be justified by any reasonable view of the record.[21] After careful review, we conclude the juvenile court did not abuse its discretion in entering the exceptional disposition of 78 weeks. This is particularly so in view of the testimony of the professionals involved and the dispositional report which indicated the time was necessary to alter respondent's behavior and thereby protect society and the respondent as well.

The decision of the juvenile court is affirmed.

AGID, A.C.J., and COLEMAN, J., concur.

---

[20]*State v. M.L.*, 134 Wn.2d 657, 660, 952 P.2d 187 (1998) (citing *Strong*, 23 Wn. App. at 794).

[21]*M.L.*, 134 Wn.2d at 660 (citing *State v. P.*, 37 Wn. App. 773, 779, 686 P.2d 488 (1984); *State v. Tauala*, 54 Wn. App. 81, 87, 771 P.2d 1188 (1989)).