(988 P.2d 742)

No. 81,533

In the Matter of A.C.W., A Child Under the Age of Eighteen.

Opinion filed September 3, 1999.

*William F. Cummings,* of Cummings & Cummings, L.L.C., of Wichita, for appellant.

*Doyle Baker,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and LARRY T. SOLOMON, District Judge.

MARQUARDT, J.: A.C.W. (A.), a 12-year-old, appeals his adjudication for aggravated indecent liberties with his 8-year-old half-sister, J.

A. was charged with aggravated indecent liberties pursuant to K.S.A. 21-3504(a)(3)(A) or, in the alternative, K.S.A. 21-3504(a)(3)(B).

The police were called to a disturbance at J.'s home. J.'s mother said the argument started because A. "had been sexually molesting [J.] and the problem had not been dealt with." J. told Officer Mallard that her parents were arguing because her brother was touching her privates.

Prior to trial, A.'s attorney requested that A. be given a jury trial. The trial judge denied the request. After presentation of the evidence, the trial judge found A. to be a juvenile offender in violation of K.S.A. 21-3504(a)(3)(A) or, in the alternative, K.S.A. 21-3504(a)(3)(B).

A. was placed on probation and ordered to undergo sex offender treatment. The journal entry also ordered A. to provide blood and saliva specimens to the Kansas Bureau of Investigation. After the sentencing hearing, the trial judge issued an order nunc pro tunc correcting the original journal entry. The corrected journal entry found that there was enough evidence to support a conviction on both counts. A. filed a motion to dismiss, which was denied. A. now appeals the motions, trial, adjudication, and disposition of the district court.

## Sufficiency of Evidence

A. argues the State did not prove A. performed the acts with the intent to satisfy his sexual desires, as required by the statute. A. contends the State cannot infer intent from his actions, which is commonly done in adult prosecutions. Rather, he says, the State must prove A. had the intent to satisfy his sexual desires. A. maintains his actions were motivated by innocent sexual curiosity.

The standard of review on a challenge to the sufficiency of the evidence requires this court to review all the evidence, viewed in the light most favorable to the prosecution. If the court is convinced that a rational factfinder could have found the respondent guilty beyond a reasonable doubt, a challenge to the juvenile adjudication should fail. *In re B.M.B.*, 264 Kan. 417, 433, 955 P.2d 1302 (1998).

This is an issue of first impression in Kansas. The State of Washington considered an identical argument in *State v. T.E.H.*, 91 Wash. App. 908, 960 P.2d 441 (1998). In that case the child's attorney argued that the State must prove the juvenile's understanding of the issues of sex and that the juvenile enjoyed the act or was sexually stimulated. 91 Wash. App. at 916. The Washington Court of Appeals stated that the offense of indecent liberties requires a showing of sexual gratification because without that showing the touching might have been inadvertent. The court found the act was not inadvertent. The court noted that the factfinder is entitled to make reasonable inferences based on all the evidence and testimony presented. 91 Wash. App. at 916-17.

Recently, the United States Supreme Court decided a case where a child was alleged to have sexually harassed another child at school. *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 143 L. Ed. 2d 839, 119 S.Ct. 1661 (May 24, 1999). The Court allowed a fifth grade girl to proceed with a Title IX suit against her school district. The plaintiff in *Davis* was repeatedly molested by a classmate who attempted to touch her breasts and genital area. The court found that the acts were "severe, pervasive, and objectively offensive." 143 L. Ed. 2d at 860.

J. said A. always "ask[ed] [her] to make love with him" and became angry when she refused. J. also said A. asked her to touch his "private," and that he touched her privates while she was sleeping. A. told her he was having sex with his girlfriend, and he was always asking neighbor children to touch his privates.

Because A. threatened to harm her, J. was afraid to tell any of her family. J. told the social worker she did not like getting her brother "in trouble" and that she would not be saying anything if it were not true.

Greg, the children's father, testified that he had received reports from neighbors that A. was telling other children how to masturbate and perform sexual intercourse. Officer Zamorano testified that Greg told him that, "[b]asically, [A.]'s been playing with [J.]'s vagina and has done [*sic*] several times to arouse himself." Greg testified at A.'s hearing and said that initially he felt A. was just "sexually curious." Greg came to this conclusion after hearing A.

say, "It's time to play show and tell." Greg then approached the bed where his children were and saw A. trying to zip up his pants. Greg admitted that his son's behavior was "not right" and inappropriate.

Detective Hein, who also testified at A.'s hearing, spoke with Greg during his investigation. Greg allegedly confirmed J.'s story about A. touching her while she was in the bathroom. Greg allegedly told Detective Hein he wanted to make sure A. received therapy. On cross-examination, A.'s attorney asked Detective Hein if he spoke with any of J.'s neighbors. Allegedly, the neighbor told Detective Hein that J. frequently lies and makes up stories. However, Detective Hein also said several neighborhood children confirmed J.'s story about A. always wanting to have sex with J.

J.'s mother, Patricia, was concerned about A.'s behavior. Patricia confronted A., who admitted to "messing with" J. Apparently, a neighbor overheard this conversation and confirmed that A. confessed to molesting J.

The testimony given at A.'s hearing provides sufficient evidence to support the charge of aggravated indecent liberties. J. testified about the numerous times her brother inappropriately touched her. These statements were confirmed by her father and other neighborhood children. A.'s desire for secrecy supports the fact that he knew his actions were inappropriate. The inappropriate touches were clearly not accidental; the abuse apparently continued over a period of 1 year or more. Additionally, A. shared his knowledge of certain sexual behaviors with other children. The nature of the acts themselves, combined with A.'s obvious sexual maturity, prove intent. A. has provided no authority that would persuade this court to decide otherwise. There was sufficient evidence to support intent.

## Prosecution of a Person Under 14 Years of Age

A. contends the Kansas Legislature never intended for a 12-year-old to be prosecuted under K.S.A. 21-3504, the statute which criminalizes aggravated indecent liberties. A. made this argument during his motion to dismiss. A.'s attorney admitted there was no

legislative history to support his position. A. contends the purpose of K.S.A. 21-3504 is to protect the young children from pedophiles.

Interpretation of a statute is a question of law, and this court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. The court must give effect to the intention of the legislature as expressed, rather than determine what the law should be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

The Kansas Juvenile Offenders Code mentions K.S.A. 21-3504 in two places. K.S.A. 38-1603(b) establishes special statutes of limitation for certain offenses, including K.S.A. 21-3504. K.S.A. 1998 Supp. 38-1610(b), dealing with expungement of records, specifically mentions K.S.A. 21-3504. In Kansas, a juvenile is a person between 10 and 18 years of age. K.S.A. 38-1602(a).

We hold that the legislature intended for K.S.A. 21-3504 to apply to persons under 14 years of age. K.S.A. 21-3504 does not specify the age of the offender; it only mentions the age of the victim. The plain, unambiguous language used in the statute allows prosecution of a 12-year-old for aggravated indecent liberties. A.'s argument is without merit.

### Denial of a Jury Trial

A. argues the juvenile justice system has become more punitive than paternal since changes were made in 1984. A. claims the consequences of a felony juvenile adjudication are so similar to an adult felony conviction that a jury trial is warranted.

It is well settled in Kansas that the decision of a trial court to deny or grant a jury trial in a juvenile proceeding is not subject to appellate review. *In re J.T.M.*, 22 Kan. App. 2d 673, 681-82, 922 P.2d 1103, *rev. denied* 260 Kan. 993 (1996). A.'s argument is not without merit. However, this court is duty bound to follow Kansas Supreme Court precedent. 22 Kan. App. 2d at 682. We do not have jurisdiction to consider this argument.

Affirmed.