FILED
COURT OF APPEALS
DIVISION II

2013 MAR 26 AM 9:29

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42937-3-II |
| Respondent, | |
| v. | |
| M.K.S.,† | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — M.K.S. appeals his adjudication for first degree child molestation, arguing that the State's evidence was insufficient to establish that he acted for the purpose of sexual gratification. We affirm.[1]

### FACTS

In July or August of 2010, M.K.S. stayed at his cousin L.P.C.'s house for a week. L.P.C. was 7 or 8 years old[2] and M.K.S. was 15. During the visit, M.K.S. pulled down L.P.C.'s boxer shorts and touched his penis (morning incident). Later the same day, M.K.S. pulled off L.P.C.'s towel as L.P.C. exited the shower. M.K.S. held L.P.C.'s penis and moved his mouth toward it

---

† It is appropriate to provide some confidentiality in this case. Accordingly, it is hereby ordered that initials will be used in the case caption and in the body of the opinion to identify the parties and other juveniles involved.

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

[2] L.P.C.'s birthday is August 2, 2002.

(afternoon incident). L.P.C.'s mother walked into the room and saw M.K.S.'s mouth near L.P.C.'s penis.

The State learned of these two incidents when, in connection with a 2010 special sex offender disposition alternative[3] (SSODA) disposition for third degree assault with sexual motivation, M.K.S. revealed during a polygraph examination into his past "sexual contact" that when he was "14 or 15," he did "stuff" to a younger family member. 1A Verbatim Report of Proceedings (VRP) at 58, 40-41. The "stuff" included that M.K.S. "sucked his dick two or three times" and tried to put his penis in his cousin's "butt." 1A VRP at 40. When reviewing the polygraph results during a family meeting, M.K.S.'s mother identified L.P.C. as M.K.S.'s victim.

The State charged M.K.S. with first degree child molestation and first degree child rape. RCW 9A.44.083, .073. After a bench trial, the court adjudicated M.K.S. guilty of first degree child molestation based on the morning incident and adjudicated him guilty of attempted first degree rape of a child[4] based on the afternoon incident. The trial court orally ruled that the molestation "was for sexual gratification. And he's admitted to that." 1B VRP at 207.[5] It then issued written findings of fact and conclusions of law that stated that M.K.S. had "sexual contact" with L.P.C. Clerk's Papers (CP) at 15.

M.K.S. appeals his first degree child molestation adjudication.

---

[3] RCW 13.40.162.

[4] The court convicted M.K.S. of attempted rape instead of rape because L.P.C. could not recall whether M.K.S.'s mouth actually touched his penis.

[5] M.K.S. argues that neither the trial court's oral or written ruling included a sexual motivation finding. He later acknowledges, however, that the court orally ruled that the touching "was for sexual gratification." Br. of Appellant at 8.

No. 42937-3-II

## ANALYSIS

### I. Standard of Review

The evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

### II. First Degree Child Molestation

A person is guilty of the crime of first degree child molestation when:

[T]he person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.083(1).

"Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2). Although sexual gratification is not an essential element of first degree child molestation, *State v. Lorenz*, 152 Wn.2d 22, 34-35, 93 P.3d 133 (2004), the State must nevertheless "establish the defendant acted with a purpose of sexual gratification." *State v. Stevens*, 158 Wn.2d 304, 309, 143 P.3d 817 (2006); *see also Lorenz*, 152 Wn.2d at 32.

A showing of sexual gratification is required "because without that showing the touching may be inadvertent." *State v. T.E.H.*, 91 Wn. App. 908, 916, 960 P.2d 441 (1998). A court, however, can infer sexual gratification from the nature and circumstances of the act itself. *See T.E.H.*, 91 Wn. App. at 916-17.

3

M.K.S. contends that the trial court's findings of fact and conclusions of law do not support a finding that he acted for purposes of sexual gratification when he touched L.P.C.'s penis in the morning incident. Specifically, he argues that the trial court's conclusion of law that M.K.S. had "sexual contact" with L.P.C. merely "parrot[ed]" that M.K.S. was asked by the polygraph technician to identify "everyone with whom he'd had any *sexual contact* or relationship." 1A VRP at 40 (emphasis added); Br. of Appellant at 10.[6] The State responds that the trial court's conclusion of law regarding sexual contact inherently contains a finding that M.K.S. touched L.P.C. for sexual gratification because the definition of "sexual contact" includes acting for sexual gratification. RCW 9A.44.010(2).[7]

We agree that the trial court's legal conclusion that M.K.S. had "sexual contact" with L.P.C. necessarily includes a finding that M.K.S. acted to gratify his sexual desires because RCW 9A.44.010(2) requires that "any touching" be "done for the purpose of gratifying sexual desire."[8] Our conclusion is supported by the trial court's oral ruling that M.K.S. acted for purposes of sexual gratification.

Moreover, even absent the trial court's legal conclusion, the trial court's finding that M.K.S. "pulled down L.P.C.'s boxer shorts and put his hand on his bare penis" combined with M.K.S.'s polygraph confession that he molested his cousin in various ways is sufficient to allow

---

[6] The trial court uses the term "sexual contact" both in its findings of fact ("the respondent had two sexual contacts with L.P.C.") and in its conclusions of law ("In July or August of 2010, the Respondent had sexual contact with L.P.C."). CP at 14, 15.

[7] The State also argues that M.K.S.'s argument that the facts do not support the "*gratification element*" is misplaced because "[s]exual gratification" is not an element of sexual molestation. Br. of Resp't at 5, 5 n.4.

[8] A judge conducting a bench trial is presumed to know and to apply the law. *See Douglas Nw., Inc. v. Bill O'Brien & Sons Constr., Inc.*, 64 Wn. App. 661, 681, 828 P.2d 565 (1992).

the fact-finder to infer that M.K.S. acted intentionally and for sexual gratification. CP at 14; *T.E.H.*, 91 Wn. App. at 916-17 ("The conduct here cannot be claimed to be inadvertent. TH forced TTS to disrobe and intentionally molested him.").

Accordingly, the State presented sufficient evidence that M.K.S. acted for the purpose of sexual gratification and M.K.S.'s sufficiency challenge to the adjudication for first degree child molestation fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Van Deren, J.

Bjorgen, J.