2015 JUN -8 AM 9: 46


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KATHERINE A. WALZ (DOB 7/12/2004) ) No. 72121-6-I
and JAMES L. WALZ, )
                                )
           Respondents, )
                                ) DIVISION ONE
     v. )
                                  )
JADEN SINGH (DOB 1/5/2004), ) UNPUBLISHED OPINION
                                  )
           Appellant. ) FILED: June 8, 2015
                                  )

LEACH, J. — On June 10, 2014, following a series of altercations between two fourth graders at school, the trial court entered a one-year antiharassment protection order against ten-year-old Jaden Singh. Because sufficient evidence supports the trial court's decision, we affirm.

## FACTS

On June 2, 2014, the father of nine-year-old Katherine Walz petitioned for a protection order on her behalf. The petition identified three specific incidents that occurred at the school in the last month and alleged that the school had been unable to protect Katherine from Jaden's ongoing aggressive conduct. The trial court entered a temporary protection order and set the next hearing date for June 10, 2014.

No. 72121-6-I/2

At the June 10 hearing, the court appointed Jaden's mother as his guardian ad litem.[1] She testified that Katherine's antagonizing behavior was at least partly to blame for the ongoing conflict between the two children. Katherine's parents maintained that Jaden's aggressive behavior was escalating and that the school had been unable to prevent the continuing harassment. Katherine also testified briefly. Jaden was not present.

The court found that Jaden's conduct constituted unlawful harassment and entered a one-year protection order that required him to transfer to a different school. The court noted that the animosity had continued over an extended period of time and concluded that further incidents would likely continue if the two children remained in the same school. The trial court denied Jaden's motion for reconsideration. Jaden appeals.[2]

STANDARD OF REVIEW

Where, as here, the trial court has weighed the evidence, we limit our review to determining if substantial evidence supports the trial court's findings and, if so,

---

[1] See RCW 4.08.050.

[2] On appeal, Katherine's parents assert that the appeal is moot because the school and law enforcement officials have refused to enforce the protection order. Jaden contends that the appeal is not moot because this court can still remove the stigma of the protection order from his record. Because substantial evidence supports the trial court's order, we need not address these contentions.

whether the findings support the conclusions of law.[3]   Substantial evidence is evidence sufficient to persuade a fair-minded and rational person of the truth of the declared premise.[4]

## ANALYSIS

A court may enter a civil antiharassment protection order if it finds by a preponderance of the evidence that "unlawful harassment" exists.[5]   Unlawful harassment consists of (1) a knowing and willful (2) course of conduct (3) directed at a specific person (4) that seriously alarms, annoys, harasses, or is detrimental to that person, and (5) serves no legitimate or lawful purpose.[6]   A "course of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose."[7]

Jaden challenges the sufficiency of the evidence to establish that his conduct was "knowing and willful."   He contends that the trial court failed to accord sufficient weight to his emotional and social issues, to the aggressive warning that Katherine's

---

[3] In re Dependency of P.D., 58 Wn. App. 18, 25, 792 P.2d 159 (1990).
[4] In re Welfare of T.B., 150 Wn. App. 599, 607, 209 P.3d 497 (2009).
[5] RCW 10.14.080(3).
[6] RCW 10.14.020(2); see also Burchell v. Thibault, 74 Wn. App. 517, 521, 874 P.2d 196 (1994).
[7] RCW 10.14.020(1).

father gave him, and to Katherine's intimidating physical size and alleged confrontational behavior.

But Jaden essentially invites this court to review credibility assessments and the weight to be accorded the evidence. This court must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.[8]

Undisputed evidence established that Jaden pushed Katherine, called her names, and stomped on her foot in three separate incidents during May 2014. The school reprimanded Jaden for the pushing incident and suspended him for three days for stomping on Katherine's foot. The record before the trial court also included a history of similar acts that occurred earlier during the school year and evidence indicating that the conflict between the children had begun as early as the first grade. Substantial evidence supports the determination that Jaden's actions constituted a knowing and willful course of conduct directed at Katherine.

In a contention first raised in a motion for reconsideration, Jaden asserts that before entering the civil antiharassment order, the trial court should have determined whether he had the capacity to commit a crime.[9] Because Jaden has not supported

---

[8] See State v. Myers, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997).
[9] See RCW 9A.04.050; State v. T.E.H., 91 Wn. App. 908, 913, 960 P.2d 441 (1998).

-4-

this contention with citation to relevant authority or coherent legal argument, we decline to consider it.[10]

Jaden also contends that the antiharassment order was "unnecessary" because the school had a plan to separate the children after Jaden returned from his suspension. But the evidence before the trial court indicated that the school had previously undertaken a series of efforts that had proved ineffective. Jaden fails to demonstrate that the trial court erred or abused its discretion in declining to defer to the school to solve the problem.

Affirmed.

_Leach, J._

WE CONCUR:

_Trickey, J._

_Dwyer, J._

---

[10] See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to review an issue that is unsupported by cogent argument and briefing).