[No. 8521-6-II.   Division Two.   November 4, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. PIERRE
FRANCOISE TAYLOR, *Appellant.*

*Jonathan C. Jackel*, for appellant (appointed counsel for appeal).

*William Griffies, Prosecuting Attorney*, and *Barbara L. Corey–Boulet, Deputy*, for respondent.

PER CURIAM.—This appeal from a juvenile court disposition came before a panel of judges pursuant to a motion to modify a commissioner's ruling, RAP 17.7. We agree with the ruling and hereby deny the motion to modify. However, because the case appears to have value as precedent, we adopt Commissioner Adams's ruling and direct that it be published as the opinion of the court, as set forth hereinafter.

Pierre Francoise Taylor, age 17, appeals his sentence upon a plea of guilty to one count of second degree criminal trespass and two counts of vehicle prowling. The standard range for the offenses included the possibility of 30 days' detention. The Pierce County Juvenile Court instead declared a manifest injustice and sentenced Pierre to 65 weeks in the custody of the Division of Juvenile Rehabilitation. This appeal was argued pursuant to a motion for accelerated review, RAP 18.13.

RCW 13.40.230(2) provides that for this court to uphold a disposition outside the standard range, (a) the juvenile court's reasons must be supported by the record, and those reasons must clearly and convincingly support the conclusion that a disposition within the range would constitute a manifest injustice, *i.e.*, would pose a serious and clear danger to society—RCW 13.40.020(12); and (b) the sentence must be clearly neither excessive nor too

lenient. In order for a sentence to stand on review, the standard range for this offense and this defendant must present, beyond a reasonable doubt, a serious and clear danger to society. *State v. Rhodes,* 92 Wn.2d 755, 760, 600 P.2d 1264 (1979).

Pierre argues that the record does not support the declaration of manifest injustice and that, in any event, the sentence is "clearly excessive."

On the issue of the sufficiency of the record, Pierre points to RCW 13.40.020(12) and contends that nothing shows him to be a *serious* and clear danger to society. He relies upon the definition of "serious offender" in RCW 13.40-.020(1) as one who has committed a class A felony or other specified violent crime. His crimes, by contrast, are a property misdemeanor and gross misdemeanor. RCW 9A.52.080, .100. Moreover, he argues that the court should not have relied in part on his drug and alcohol problem to impose a long term of confinement because the local community has resources to treat such problems.

Many cases have upheld the declaration of manifest injustice for property crimes. *See, e.g., State v. Rhodes, supra; State v. Rice,* 98 Wn.2d 384, 655 P.2d 1145 (1982) (52 weeks for attempted criminal trespass, a misdemeanor); *State v. Murphy,* 35 Wn. App. 658, 669 P.2d 891 (1983) (52 weeks for third degree theft, a gross misdemeanor). However, all of these cases were decided before the effective date of Laws of 1983, ch. 191, § 7, which added the word "serious" to the definition of "manifest injustice" in RCW 13.40.020(12).

One does not need to be a "serious offender" to pose a serious and clear danger to society. The status of serious offender means that the court shall commit the offender to the Department of Social and Health Services without possibility of probation, community treatment options, or local detention available to a "middle offender." *See* RCW 13.40.160(1) and (4). Pierre is a middle offender. The court can declare a manifest injustice for middle offenders, RCW 13.40.160(4)(c), and commit them to the Department. Such

a declaration necessarily involves a finding that a lesser, standard range sentence would pose a serious and clear danger to society even though the offender is not a "serious offender." *Cf. State v. Murphy, supra* (property crimes can create a "clear danger to society"). The issue, accurately stated, is whether imposition of a sentence within the standard range would allow the offender to pose a serious and clear danger to society in light of the purposes of the juvenile justice act. RCW 13.40.020(12).

The record supports the declaration of manifest injustice in this case. The juvenile court's findings reflect that Pierre has a recent criminal history (composed of attempted first degree robbery and simple assault, not to mention several earlier crimes); he has a record of delinquency and incorrigibility; he was on parole when he committed the instant offenses and has violated conditions of parole and rules set by various authority figures, including parents, schools, courts; he is capable of violence; he has received leniency and other treatment and has not been receptive; he has not been made accountable for his actions; he has no regard for the property or safety of others; he has a drug and alcohol problem; he needs the structure, intensive treatment, training and supervision that only an institution can provide. The record contains ample evidence of these facts, and collectively they are sufficient, beyond a reasonable doubt, to support the manifest injustice. Community treatment has been tried for Pierre's drug and alcohol problems. The court was entitled to conclude that further such efforts would probably not succeed and would not provide protection for the community from Pierre's serious criminal propensities.

■ Is the sentence for the three crimes "clearly excessive"? Not when compared to others previously upheld by the courts. *Cf. State v. Rice, supra* (52 weeks for property misdemeanor); *State v. Murphy, supra* (52 weeks for property gross misdemeanor). Defendant does not contend the sentence is longer than that he could have received as an adult, as proscribed by RCW 13.40.160(7). The sentence

78

satisfies the "clearly excessive" test of *State v. Strong*, 23 Wn. App. 789, 794, 599 P.2d 20 (1979), *i.e.,* it was not imposed on untenable grounds or for untenable reasons, or an action that no reasonable person would have taken.

The disposition is affirmed.