70 Wn. App. 602 (1993)
854 P.2d 672
THE STATE OF WASHINGTON, Respondent,
v.
N.E., Appellant.
No. 32316-4-I.
The Court of Appeals of Washington, Division One.
July 19, 1993.
Jeff Ellis and Christine Jackson of The Defender Association, for appellant.
Norm Maleng, Prosecuting Attorney, and Peter Stokstad, Deputy, for respondent.
PER CURIAM:
N.E. seeks accelerated review pursuant to RAP 18.13 of the manifest injustice disposition imposed by the juvenile court judge. A commissioner referred the motion to a 3-judge panel for accelerated review. We affirm the disposition.

I
On February 15, 1993, N.E. pleaded guilty to prostitution loitering and false reporting. A disposition hearing took place following entry of the pleas. At the time, N.E. was 16 years old.
The standard range for each offense was 5 to 10 days' detention. Probation counselor Bill Bodick recommended the court impose a manifest injustice disposition of 26 weeks on each count. Bodick relied upon numerous aggravating factors, including recent criminal history, failure to comply with recent disposition orders, long-term drug and alcohol abuse, *604 nonamenability to community based treatment, and lack of parental control. Bodick described the following history.
N.E. is enrolled in the Blackfoot Tribe. N.E. lives with her mother, who told Bodick that she is unable to control N.E., who is gone from home for days and often weeks at a time. Although she refuses to prosecute, N.E. alleges she has been sexually abused by both her father and brother.
N.E. has a long history of drug and alcohol abuse. N.E. is currently in the late stages of chemical dependency. When she was arrested for prostitution in February of 1992, it became apparent that she is an intravenous drug user. N.E. was hospitalized several times in 1992 for abscesses in her arms caused by intravenous drug use. When N.E. was picked up on the current prostitution charge, two syringes were found in her vagina. Bodick testified that N.E.'s ongoing prostitution and drug use place her at high risk of contracting the AIDS virus. Bodick's report also includes numerous mental health evaluations that document not only N.E.'s chemical abuse, but also a history of untreated mental health problems, most notably depression.
N.E.'s recent criminal history includes three prostitution and two escape convictions in 1992.
Bodick described in detail the numerous attempts to provide N.E. with community-based treatment during 1992, which failed because N.E. ran away from the programs. In light of this history, Bodick testified, "We have pretty much exhausted all the services available in the community." He continued, "I have talked to one supervisor that is convinced that N.E. will either end up dead or will die from her disease if something isn't done."
Bodick believed that N.E. would do well in long-term, structured placement. He reported that pursuant to her most recent escape conviction, N.E. was placed at Echo Glen for 8 weeks, where she did very well and made many strides.
The prosecutor joined in the probation counselor's recommendation. The prosecutor argued that a manifest injustice was required due to N.E.'s nonamenability to community-based *605 treatment, her recent criminal history, her high risk to reoffend, and the fact that she is out of control and beyond the control of her mother.
Defense counsel argued against a manifest injustice disposition. Counsel did not dispute that N.E. needs help. Instead, counsel argued that the juvenile justice system is not the appropriate forum for addressing N.E.'s problems because N.E. presents a danger solely to herself, not to society.
The judge ruled that a manifest injustice disposition was required. The judge found that N.E.'s recent criminal history and failure to comply with disposition orders constitute aggravating factors. Although the court noted that N.E.'s criminal offenses were not necessarily escalating in seriousness, the court found that N.E.'s criminal behavior was becoming increasingly frequent. Her frequent criminal history, in addition to lack of parental control, rendered N.E. a high risk to reoffend. The court further found that N.E.'s long-term substance abuse directly contributed to her criminal behavior and that community-based treatment had been unsuccessful because N.E. ran away. Accordingly, the court determined that N.E. needed a secure and confined placement to provide treatment and prevent reoffending.
The court subsequently entered written findings and conclusions in support of the manifest injustice disposition.

II
[1] A trial court may impose a disposition outside the standard range if it determines that a disposition within the standard range would "effectuate a manifest injustice". RCW 13.40.160. A "manifest injustice" includes a disposition that would "impose a serious, and clear danger to society in light of the purposes of this chapter". Former RCW 13.40.020(12). RCW 13.40.230(2) provides:
To uphold a disposition outside the standard range,... the court of appeals must find (a) that the reasons supplied by the disposition judge are supported by the record which was before the judge and that those reasons clearly and convincingly support the conclusion that a disposition within the range ... *606 would constitute a manifest injustice, and (b) that the sentence imposed was neither clearly excessive nor clearly too lenient.[[1]]
In order to withstand appellate review, the standard range and the juvenile before the court must present, beyond a reasonable doubt, a clear danger to society. State v. Rhodes, 92 Wn.2d 755, 760, 600 P.2d 1264 (1979); RCW 13.40.230(2).
Except as addressed below, N.E. neither challenges the aggravating factors relied upon by the trial judge nor disputes her long-term chemical dependency, depression, ongoing prostitution, and failure to remain in community-based treatment. Instead, N.E. argues the manifest injustice disposition should be reversed because she poses a threat only to herself, not to society. Arguing that the Juvenile Justice Act of 1977 (JJA) does not authorize an exceptional sentence imposed solely to protect the offender from self-destructive behavior, N.E. contends the manifest injustice disposition exceeds the jurisdictional limits of the JJA.[2]
[2] We need not decide whether a manifest injustice disposition imposed solely to protect a juvenile from self-destructive behavior exceeds the bounds of the JJA because such a disposition was not imposed in this case. Instead, the court determined that in light of her untreated, long-term alcohol and drug abuse, as well as the lack of parental control,[3] N.E. presents a high risk to reoffend, as evidenced by her recent and frequent criminal history,[4] her failure to comply with *607 recent disposition orders, and her running away from community-based treatment. During the course of its oral ruling, the court stated several times that N.E. presents a danger to society. Thus, although concern for N.E.'s life-threatening behavior runs throughout the reasons relied upon by the trial court, the record demonstrates that the manifest injustice disposition was imposed in order to provide N.E. with much needed treatment for the problems that underlie her criminal behavior, without which she poses a high risk to reoffend. The trial court's reasons support the manifest injustice disposition. See State v. S.S., 67 Wn. App. 800, 840 P.2d 891 (1992) (chemical dependency, lack of parental control, escalating criminal behavior, and previous unsuccessful attempts at community-based treatment justify manifest injustice disposition).
[3] N.E. also argues the trial court erred by refusing to consider the presence of several mitigating factors, i.e., N.E.'s conduct did not threaten serious bodily harm, and N.E. suffers from a mental condition that significantly reduces her culpability. See RCW 13.40.150(3)(h). We reject the argument. Both factors are addressed in the probation counselor's written disposition report. The trial judge stated she had carefully reviewed the report. In the absence of any argument from trial counsel regarding the impact of the mitigating factors, there is no requirement that the judge expressly state she has considered the mitigating factors.
We affirm the manifest injustice disposition. Because N.E. does not appeal the underlying convictions, review is terminated.
NOTES
[1] Because N.E. does not argue the disposition is clearly excessive, we do not address the length of the sentence.
[2] N.E. argues the Legislature enacted the mental health services for minors act, RCW 71.34, not the JJA, in order to guarantee the safety of juveniles who pose a danger to themselves due to a mental health disorder.
[3] We decline to address N.E.'s argument made in a footnote that the record does not support the court's finding that N.E. is beyond the control of her mother. See State v. Johnson, 69 Wn. App. 189, 194 n. 4, 847 P.2d 960 (1993) (argument raised in footnote will not be addressed).
[4] N.E. acknowledges that recent criminal history is a statutory aggravating factor. It is unnecessary to reach N.E.'s argument that her recent criminal history, standing alone, would not justify the manifest injustice disposition, because as discussed above, the court relied upon numerous other factors in imposing the sentence. Compare State v. Gutierrez, 37 Wn. App. 910, 684 P.2d 87 (1984) (juvenile's criminal history standing alone does not support manifest injustice disposition).