IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81549-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| J.T.W., | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, J. — J.T.W., a juvenile, entered an Alford[1] plea to second degree assault and the court ordered a standard range disposition. J.T.W. appeals his disposition on the basis that the juvenile court erred by failing to consider the mitigating factor of "strong and immediate provocation" due to his brother's death under RCW 13.40.150. We conclude that the court did not err for two reasons. First, in the absence of any argument from trial counsel regarding the impact of the mitigating factors, there is no requirement that the judge expressly state that they have considered the mitigating factors. Second, juvenile courts are not required to make a record of their reasoning for a standard range disposition. We affirm.

FACTS

On April 9, 2020, J.T.W., his brother, and a friend met up with two other teens, Smith and Wight, to purchase and trade firearms. When they arrived in

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Citations and pin cites are based on the Westlaw online version of the cited material.

their respective cars, Smith recognized J.T.W. from a previous interaction where J.T.W. had robbed him. J.T.W. and his brother then pointed firearms at Smith and Wight while telling them not to move, gunfire broke out, and J.T.W.'s brother was shot and killed. During the exchange of gunfire, J.T.W. or his brother also shot Wight in the legs.

On April 27, 2020, the State charged J.T.W. with second degree assault for the injuries to Wight. J.T.W. entered an <u>Alford</u> plea and requested a standard range disposition to which the probation counselor and the State agreed. The court imposed a disposition of 103 to 129 weeks of confinement.

J.T.W. appeals.

ANALYSIS

J.T.W. contends that because the Juvenile Justice Act of 1977 (JJA), Chapter 13.40 RCW, requires a court to consider evidence of mitigating factors at a disposition hearing, the court erred by failing to consider the mitigating factor of "strong and immediate provocation." RCW 13.40.150(h)(ii). We disagree.

As a general rule, a defendant may not appeal a standard range disposition. <u>State v. McGill</u>, 112 Wn. App. 95, 100, 47 P.3d 173 (2002). However, "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." <u>State v. McFarland</u>, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). The JJA grants a juvenile court discretion to impose a disposition either above or below the standard range if the court concludes a disposition within the standard range would effectuate a "manifest injustice." RCW 13.40.160(2). We review the

2

decision whether to impose a manifest injustice disposition for "manifest abuse of discretion." State v. B.O.J., 194 Wn.2d 314, 322, 449 P.3d 1006 (2019). .

The JJA was enacted to create a "system capable of having primary responsibility for, being accountable for, and responding to the needs of youthful offenders and their victims." RCW 13.40.010(2). It provides a list of mitigating factors that a juvenile court must consider before sentencing a defendant, which includes whether the respondent "acted under strong and immediate provocation." [2] In the absence of any argument from trial counsel regarding the impact of mitigating factors, "there is no requirement that the judge expressly state they have considered the mitigating factors." State v. N.E., 70 Wn. App. 602, 607, 854 P.2d 672 (1993). Juvenile courts are also not required to make a record of their reasoning for a standard range disposition. State v. Strong, 23 Wn. App. 789, 792, 599 P.2d 20 (1979). However, when the trial court goes outside of a standard range, it should specify the factors set forth in RCW 13.40.150 or other reasons in the record which drive its decision to go outside the standard range. Strong, 23 Wn. App. at 793-94. A sentence is "excessive only when it cannot be justified by any reasonable view" of the record. State v. M.L., 134 Wn.2d 657, 660, 952 P.2d 187 (1998). Lastly, "a standard range disposition will normally be adequate to achieve the goals of the [JJA], including the goal of rehabilitation." State v. Tai N., 127 Wn. App. 733, 745, 113 P.3d 19 (2005).

Here, J.T.W. did not request a mitigated sentence or claim that the

---

[2] RCW 13.40.150(h)(ii).

3

mitigating factor of strong and immediate provocation should apply to the disposition decision. Although the court was still required to consider the mitigating factors, it was not required to expressly state that it had considered them. Furthermore, there is no evidence that the court did not consider the factors.[3] Lastly, J.T.W. requested and received a standard range disposition, which is presumed to achieve the goals of the JJA. Therefore, the court did not err in its disposition.

J.T.W. disagrees and contends that the court here failed to consider the mitigating circumstances associated with youth as set forth in State v. Houston-Sconiers, 188 Wn.2d 1,1, 391 P.3d 409 (2017). We disagree. In Houston-Sconiers, our Supreme Court imposed a positive duty upon superior courts under the Eighth Amendment to the United States Constitution to consider mitigating factors of a juvenile defendant's youthfulness during an adult sentencing proceeding, and held that courts had "absolute discretion" to depart downward from standard sentencing ranges. Houston-Sconiers, 188 Wn.2d at 9. However, Houston-Sconiers does not apply to juvenile offender dispositions in juvenile court, it applies to juveniles sentenced in adult court. State v. S.D.H., 17 Wn. App. 2d 123, 127, 484 P.3d 538 (2021). "[E]xtending Houston-Sconiers to the juvenile courts would give juvenile courts unintended discretion within a juvenile disposition scheme that already takes youthfulness into account." S.D.H., 17

---

[3] In fact, the record indicates that the loss of J.T.W.'s brother was before the court (contained in the affidavit of probable cause), which was relied on by the court as the factual basis for J.T.W.'s Alford plea. The court was not blind to the circumstances; during disposition, the court told J.T.W., "I'm sorry for the loss that you've sustained."

Wn. App. 2d at 137. The legislature specifically made age a variable within the juvenile standard range disposition grid and, thus, consideration of age is already mandatory when a juvenile court determines an appropriate punishment. RCW 13.40.0357; S.D.H., 17 Wn. App. 2d at 137. Houston-Sconiers does not control our analysis.

Because the trial court did not violate the JJA, we affirm the order on adjudication.

WE CONCUR: